## HENRY C. LAWRENCE, Appellant, *v.* JOHN J. FAST, Appellee.

### APPEAL FROM WARREN.

A judgment for taxes is fatally defective, if it does not show the amount of tax for which it was rendered. The use of numerals, without some mark indicating for what they stand, is insufficient.

The separate record book of judgments for taxes, should be so kept, as without reference to the general record, it could furnish a full exemplification of a judgment.

THIS was an action of ejectment, brought by the appellant against the appellee, to recover the N. E. 36, 8 N., 1 W., in the Circuit Court of Warren county.

The cause was tried by a jury before THOMPSON, Judge, at September term, 1857; a verdict was rendered for the defendant; a motion was made by the plaintiff for a new trial, which was overruled by the court, and judgment rendered against the plaintiff for costs. The plaintiff appealed to this court.

On the trial, the plaintiff read in evidence an exemplification of a record of a judgment against delinquent lands for taxes of 1851, rendered at the June term, 1852, by the County Court of Warren county, among which was the tract of land described in the plaintiff's declaration. This exemplification shows the usual convening order, on the 7th day of June, 1852, and a judgment in the form required by the statute of 1849, rendered on the 8th day of the same month.

The plaintiff then read a precept to the jury, and proved that the sheriff and *ex officio* collector received the same from the clerk, and sold the lands on the 15th day of June, 1852, by virtue thereof.

The plaintiff then read in evidence an affidavit of Seth C. Sherman, with the notice required by the constitution, from purchasers at tax sales, and proved that the affidavit and notice was filed in the office of the county clerk of Warren county, and by him recorded in a book kept by him for that purpose, on the 18th day of April, 1855.

The plaintiff then read in evidence a deed from the sheriff to Seth C. Sherman, the purchaser at the tax sale.

The plaintiff then read in evidence deeds connecting himself with Seth C. Sherman, and proved that the defendant was in the possession of the premises at the time of the commencement of the suit.

The witness further stated that he sold the land to defendant, and defendant claimed to own the same, in good faith, by virtue of the sale from the witness.

The defendant produced *Ephraim S. Sevinney,* as a witness, who testified that he was county clerk, and he produced a book containing a record of the sales for taxes in Warren county, and proved that the premises had not been sold since the year 1852.

The witness also produced another book which he testified was the general record of the proceedings of the County Court of Warren county, for county business. And also, another book, which he testified was the record of judgments against delinquent lands in the County Court.

The witness further testified, that he prepared and certified the exemplification read in evidence by the plaintiff, and that in making the same, he copied the convening order from the

book containing the general records, and the rest of the exemplification from the book containing the judgments against delinquent lands.

To the evidence of this witness the plaintiff objected, but the court overruled the objection.

The defendant then offered in evidence the two books last named, to the introduction of which the plaintiff excepted, but the court overruled the objection.

These books proved that the exemplification was a true copy from the two books, except that the general record showed that the court adjourned on the evening of the 8th day of June until the next morning, when the court met, all the judges being present, and finally adjourned on the 11th day of June.

The defendant then moved to exclude all the plaintiff's evidence from the jury, because there was no valid judgment for the sale of the land in controversy. To, the allowance of the motion the plaintiff objected, but the court sustained the motion and excluded the evidence.

There being no further evidence, the jury rendered a verdict for the defendant.

The appellant now assigns for error—

That the court erred in overruling the motion for a new trial.

The court erred in rendering judgment for the defendant; and,

The proceedings are otherwise informal and erroneous.

Goudy & Judd, for Appellant.

J. S. Bailey, for Appellee.

Caton, C. J.   The first question to be considered in this case, is, whether the judgment for the taxes was sufficient.   Waving the question of the sufficiency of the description of the property, we think the judgment. fatally defective, in not showing the amount of the tax for which judgment was rendered.   The six columns at the right hand of the table in the judgment, are headed respectively, commencing at the left hand, " Valuation," " State Tax," " State Special," " County Tax," " County Sp. Tax," " Total."   Opposite the tract in question are the following figures : In the first column mentioned, 240 ; in the second, 84 ; in the third, 61 ; in the fourth, 72 ; in the fifth, 24 ; in the sixth, 248.   This tract is not at the head of the table.   Other figures are at the heads of the columns, opposite the first lot, and there is no mark, sign, or abbreviation, in any way connected with these figures, showing for what they stand.   In no part of

the judgment does the word dollar, cent or mill, occur, nor any abbreviation, character or sign, representing either of these words, or any other denomination of money. The tax was 248, and the judgment was for 248, and that is all that can be made of it. You may guess it was for 248 dollars, or cents, or mills, but at last it is but a guess. In some parts of the State the value of one hundred and sixty acres of land, and the rate of taxation might be such, that the tax would be 248 dollars, while in others it might be but 248 mills. And shall we look upon the map and see whether it is in a rural district, or near a great city, to enable us the better to guess what these figures probably meant? I do not think we have sunk to so low a degree of uncertainty, nor have we attained such a perfection of intuitive knowledge, as to justify us in saying we guess what these figures meant, or to enable us to say we know what they meant. Nowhere in any court, we will venture to assume, have mere numbers, without denominations, been held sufficient in a judgment. Would anybody doubt that a judgment in any other sort of proceeding, for " 248," would be utterly void and nonsensical ? and we know of no reason why such a judgment should not be sustained, if we sustain this. Courts have generally been more strict and technical where land is sold for taxes than in any other cases, but here we are asked to sanction a degree of laxity, which it was never before dreamed could be sustained in the proceedings of the most informal tribunals. It has been said in argument that the statute has given a form for this part of the judgment, and as in that form, the column under the head " Amount of Tax," neither the word " dollar," " cent," or " mill " is given, nor any character representing them, we are therefore to infer that the legislature did not intend that such words or characters should be used to designate the denominations intended to be represented by the figures to be set down in the column. As well might it be argued that because in the form given by the act, the column is left a total blank, it was the intention of the legislature that it should be so left in the judgment. If the form is to be so literally followed in regard to denominations, it may with the same propriety be so followed by omitting the figures also. The figures without denominations are as senseless as would be denominations without figures. Had the figures also been omitted, then had the legislative form been followed in the strictest and most literal sense. We are now asked to sanction as literal an observance of statutory forms as that adopted by the justice of the peace, who administered a statutory oath to the witness, thus : " You do solemnly swear, or affirm, as the case may be," etc. Nay, we are asked to go much further, for *there* was a mere surplusage,

Lawrence v. Fast.

while *here* is an omission of an essential part of the judgment, which the legislature as much intended should be filled into the blank as was that which was filled in. The legislature intended that the blanks left in its form should be filled up with whatever was necessary to show with certainty what was the amount of the tax for which the judgment was rendered. While we are disposed to carry out the manifest design of the legislature, by reasonable intendments in favor of tax proceedings, we cannot go so far beyond what was ever before asked of any court, in favor of any proceedings of any judicial tribunal. Such an omission as this, in any judgment of any court, would be everywhere treated as rendering it a perfect nullity, and so we hold this to be.

Before this judgment could be reversed, there are other difficulties of the gravest character to be surmounted, and which we do not now choose to discuss at length. The statute requires the judgment for taxes to be entered in a separate record, in which no other orders or judgments of the court are to be entered. It is by itself a separate and independent record. This record does not show what is sometimes called the convening order of the court. It does not show by whom the court was held, nor even in what court the judgment was pronounced. It merely shows the entry of the judgment order. There it begins and there it stops. We imagine it would be very difficult to show that such a mere naked order, entered in a separate book, by itself, not showing any of those things which are always required to appear on the face of every record, to give it validity, could be helped out by going to the general record of the court, and copying therefrom the convening and other orders necessary to be shown to make it a judicial record, and attaching them to the judgment for taxes taken from another book, and thus make up, in apparent form, an exemplification of a judgment. But we do not propose to go into a discussion of this question now, for, admitting that the record in which the judgment for taxes was entered had shown upon this subject everything requisite in a court record, still we find that this judgment is utterly void for uncertainty in the amount, or rather because the judgment is for no amount whatever. It has been so often decided by this court that a defendent in ejectment may take this objection to the plaintiff's proof without showing title in himself, that we do not deem it necessary to refer to the cases even, or to say one word in support of the proposition.

The judgment must be affirmed.

*Judgment affirmed.*

BREESE, J. I cannot concur in this opinion. The form pursued by the collector is precisely the form given by the statute,

and so is the entry of the judgment. It is certain to every ordinary intent, that the figures in the proper columns indicated cents, or dollars and cents. The most common man would so understand them, and could not be misled by them. The figures " 2 48 " must of necessity mean two dollars and forty-eight cents, or two hundred and forty-eight cents, which is the same. Mills are never expressed in that way. Courts of justice must draw the same conclusions from the same facts, which the mass of community would draw from them. Taking the columns with their headings, and the figures in them as they stand, can any reasonable man doubt that dollars and cents, or cents only, were intended? I think not. It *is not certainty to every intent* in particular that is required in such proceedings, but common certainty.