Lane *v.* Bommelmann.

---

MARGARET B. LANE, Plaintiff in Error, *v.* FRANCIS BOMMELMANN, Defendant in Error.

ERROR TO ST. CLAIR.

A judgment for taxes which fails to show the amount of taxes for which it is rendered, is fatally defective. The use of numerals, without some mark or word indicating for what they stand, is insufficient, and cannot be explained by referring to other judgments entered in a corresponding manner, at different times.

In a sale of land for taxes, the law does not incline to liberal intendments ; and the proceedings, to be valid, must be certain, and in strict compliance with the law authorizing them.

THIS was an action of ejectment, brought by the plaintiff in error, to recover possession of the east half of lot two, in the north half of claim 2209, survey 607, containing 69$\frac{25}{100}$ acres. The cause was tried at the August term, 1856, of the St. Clair Circuit Court, by court and jury, and judgment rendered in favor of defendant. The plaintiff moved for a new trial, at common law, which was overruled.

The plaintiff proved title to the premises sued for, from the government of the United States down to Ninian W. Edwards. And then introduced a deed from Ninian W. Edwards *et al.*, bearing date 4th day of May, 1854, to said plaintiff, which deed contained the following description, viz :

" The following described land, situated in the county of St. Clair, and State of Illinois, to wit : Lots No. one, two, three, four, and five, being part of survey number 607, claim 2209, as described in a plat and survey made by John Stuntz and John Messenger, on the 5th day of November, 1835, as will more fully appear from a deed of allotment, by Elvira L. Edwards and Cyrus Edwards to the children of Ninian Edwards, and

John Cook, grandson of said Ninian Edwards, bearing date June 6, 1836; and recorded in the recorder's office in the county of St. Clair, State of Illinois, on the 27th June, 1836, in book H, pages 489 and 490.

In connection with said deed, and for the purpose of identifying the land, the plaintiff introduced the original deed of allotment and plat, and the record thereof. Plaintiff proved that defendant was in possession of the premises sued for, at the time of commencement of suit.

The defendant then offered the judgment of the St. Clair Circuit Court, for the taxes of 1845, which judgment had the following head and conclusion:

STATE OF ILLINOIS, ⎱ *sct.*
COUNTY OF ST. CLAIR. ⎰

Be it remembered that D. W. Hopkins, sheriff of St. Clair county, and *ex-officio* collector, on Monday, the 23rd day of August, A. D. 1847, filed in the office of the clerk of the Circuit Court of said county, his report and certificate of publication, in the words and figures following, to wit:

A List of Lands and other Real Estate, in the County of St. Clair, and State of Illinois, on which the taxes remain due and unpaid for the year A. D. 1845, viz: (giving a description.)

Whereupon, afterwards, at a regular term of the Circuit Court for the county of St. Clair, begun and held in said county, on the 30th day of August, A. D. 1847, it being the second Monday after the third Monday of said month, the following proceedings were had by said court, to wit:

On the first Monday of the term, the sheriff, by W. H. Underwood, Esq., his attorney, enters his motion for judgment against the lands and town lots hereinbefore and in his said report mentioned and described, and afterwards, on the first Thursday thereof, Whereas, David W. Hopkins, collector of said county, returned to the Circuit Court of said county, on the 23rd day of August, 1847, the tracts and parts of tracts of land hereinbefore mentioned and described, as having been assessed for taxes by the assessor of the said county, for the year 1845, and that the taxes thereon remained due and unpaid on the day of the date of the said collector's return, and that the respective owner or owners have no goods and chattels within his county, on which the said collector can levy for the taxes, interest and costs due and unpaid thereon, for the year or years herein set forth. Therefore, it is considered by the court that judgment be and is hereby rendered against the aforesaid tract or tracts of land, or parts of tracts, in the name of the State of Illinois, for the sum annexed to each tract or parcel of land, being the amount of taxes, interest and costs due severally thereon, and

it is ordered by the court, that the said several tracts of land, or so much thereof as shall be sufficient, of each of them, to satisfy the amount of taxes, interest and costs annexed to them severally, be sold as the law directs."

The land in controversy was described as follows, in said judgment, with the heading, words and figures, viz:

| NAMES OF OWNERS | DESCRIPTION | | SECTION | ACRES | VALUATION | TAX | COSTS |
|---|---|---|---|---|---|---|---|
| | *Surveys and Claims.* | | | | | | |
| | Survey. | Claim. | | | | | |
| Margaret B. Lane, | pt n 1-2 607 | 2209 } | | | | | |
| | lots 1, 2, 3, 4, 5, | } | · 693 | | 2079 | 14\|56 | 55 |

In no part of said judgment did it appear, by words, abbreviations, signs, or characters, whether the valuation and the amount of the tax and costs due on the said land, was in dollars, cents or mills, except as above described. Said judgment was entered in a book kept for that purpose, and there were several judgments for taxes of different years, of a like character, previously entered in said book, which had corresponding columns throughout said book, and the heading of the first page in said book is as follows:

| NAMES OF PERSONS. | NO. OF ACRES. | DESCRIPTION. | | | VALUE. | TAX. | COSTS. |
|---|---|---|---|---|---|---|---|
| | | section. | township. | range. | | | |

To the admission of which judgment in evidence, the plaintiff at the time excepted.

The defendant then offered in evidence, a precept, being a copy of said judgment without any additional heading, except that on the first page there is the mark, " $ " over the column "Tax," and with the following certificate attached to the end of said judgment:

[SEAL.] IN TESTIMONY WHEREOF, Theodore Engelman, Clerk of the Circuit Court, within and for said county of St. Clair, has hereunto signed his name and affixed the seal of said court, this 13th day of September, A. D. 1847.

THEODORE ENGELMAN.

To the admission of which, in evidence, the plaintiff at the time excepted.

Defendant then offered a deed from David W. Hopkins, sheriff of St. Clair county, to Theodore Engelman, bearing date 19th June, 1850, purporting to convey, among other lands, the tract in controversy, as having been sold at the aforesaid tax sale; to the admission of which, in evidence, the plaintiff at the time excepted.

It was admitted that Samuel B. Chandler was sheriff of said county in 1845, and so continued till August, 1846; and that

10

the tax books were delivered to the sheriff, Hopkins, September 8, 1846. The plaintiff then proved by the clerk of the County Court of said county, that no taxes were due on the said land at the time of said trial. It was admitted by the parties that neither for the year 1845, nor since, had the plaintiff paid said taxes, but that since the sale the same had been paid by the purchaser or his grantee.

The plaintiff then proved that the County Court of said county assessed no county taxes on lands in said county, at their March term, 1845, and that said county tax, for which said land was in part sold, was assessed by said County Court, at its June term, 1845.

The jury found the defendant not guilty; and thereupon the plaintiff moved for a new trial at common law, because the court admitted to the jury improper evidence for the defendant, and excluded from the jury, proper evidence offered by the plaintiff, and because the verdict was contrary to the law and evidence; which motion was overruled, to which decision the plaintiff at the time excepted.

A. WILLIAMS, W. H. UNDERWOOD, and STUART & EDWARDS, for Plaintiff in Error.

G. A. KOERNER, for Defendants in Error.

WALKER, J. This was an action of ejectment, commenced in the St. Clair Circuit Court, by plaintiff, against defendant. The action was for the recovery of the north half of a claim and survey containing 69 $\frac{25}{100}$ acres. On the trial below, the plaintiff proved title in herself by a regular chain from the United States government, and proved possession by defendant, of the premises at the time suit was instituted. The defendant then introduced a judgment of the St. Clair Circuit Court, for the taxes of 1845, in no part of which did it appear by any words, signs or characters, whether the valuation and amount of tax and costs due on the said land, was in dollars, cents or mills. The judgment was entered in a book kept for that purpose, in which were entered other judgments, for taxes of different years, having corresponding columns with the one read in evidence; at the heading of the columns of which, for valuation and amount of tax and costs were dollar-marks and abbreviations for cents. The defendant then introduced a precept issued on the judgment, and in it, over the column for tax, on the first page, is the " $ ," and then introduced a deed from the sheriff of St. Clair county to Theodore Engelman, dated the 19th of June, 1850, for this, with other tracts of land. The plaintiff, at the time, objected

Lane *v.* Bommelmann. .

to the reading the judgment, precept, and deed, by the defend-
ant, as evidence, but the objection was overruled by the court.
The jury found a verdict of not guilty, and plaintiff entered a
motion for a new trial, which was overruled, and judgment en-
tered against plaintiff for costs.    To reverse that judgment,,
this writ of error is prosecuted.

We only propose to consider the third assignment of error,
which questions the sufficiency of the judgment to support the
sale of this land, for taxes.    In the case of *Lawrance* v. *Fast,*
20 Ill. R. 338, it was held by this court, that a judgment for
taxes, which fails to show the amount of taxes for which it was
rendered, is fatally defective.    And that the use of numerals
without some mark or word indicating for what they stand, is
insufficient.    The objection to that judgment was the same that
is presented in this.    In that case, as in this, there was no
character, word or mark at the head of the column of the val-
uation, or amount of tax, to indicate whether the numerals were
intended for dollars, cents or mills ; and we are left to conjec-
ture which they represent.

That decision is conclusive of this question.    In this case, for
the purpose of obviating this objection, the defendant has re-
sorted to prior judgments to this one, entered in the same book,
at previous terms, and for the taxes of former years, where the
dollar-mark is used at the heading of corresponding columns.
But we are unable to perceive in what manner, or by what pro-
cess of reasoning it can be aided by such judgments.    They were
for the taxes of different years, against different lands, and
rendered at different terms of the court.    It might as well be
insisted that a judgment against one person, rendered at a dif-
ferent term of court, on a different contract, could explain an
uncertainty in the amount of a judgment against another person.
There is no connection whatever between these various judg-
ments for taxes, and consequently one does not explain another.
This is a proceeding in *rem,* and by which property is transferred
by judgment and sale without personal service on the owner, and
that too, for a sum that bears a very small proportion to its
value ; and the law does not incline to liberal intendments to
sustain such sales.    Such proceedings, to be valid, must be
certain, and in strict compliance with the law authorizing them.
We are therefore of the opinion that the court erred in admit-
ting the judgment for taxes, the precept and the tax deed, in
evidence, and for these errors the judgment of the Circuit Court
is reversed, and the cause remanded.

                                        *Judgment reversed.*