Syllabus.

## AVERY & ENSIGN
### *v.*
## RANSOM BABCOCK.

1. JUDGMENTS — *their requisites.* In a judgment for money, the sum must be specified in words or figures, with some mark or character designating the precise sum.

2. A judgment rendered by a police magistrate was as follows: "On day of trial, suit called, defendant appeared and acknowledged the above amount correct. Judgment is therefore rendered against H. T. Avery and G. D. Ensign for the sum of 383.18 debt, and 2.39 costs." The caption to this judgment stated the demand to be "383.18." *Held,* that the judgment was insufficient under the above rule. Whether the figures "383.18" were intended to represent that number of American, English or German coins, is left entirely to conjecture.

3. LIMITATIONS — *when the statute begins to run.* The statute of limitations, which requires a writ of error to be sued out within five years from the time a judgment was rendered, only commences to run from the date of the judgment brought under review.

4. So, where a transcript of a judgment rendered by a police magistrate was filed in the Circuit Court, upon which an execution was issued and a sale had, a motion was entered in the Circuit Court to set aside the sale and quash the execution, upon the ground of the alleged insufficiency of the judgment. That motion was denied; and within five years after the overruling of this motion, but more than five years after the original judgment was rendered, the defendant sued out a writ of error for the purpose of bringing in review the judgment of the Circuit Court in refusing to allow the motion. *Held,* that the statute of limitations did not commence to run from the time of entering the original judgment by the police magistrate, but only from the entry of the judgment in the Circuit Court refusing the motion, that being the judgment brought in review by the writ of error.

5. ERROR OR APPEAL — *from what judgments they will lie.* The judgment on the motion was such an order as may be reversed or affirmed, on error or appeal, in the appellate court.

6. But error would not lie from the judgment of the police magistrate; and no judgment was rendered in the Circuit Court on the transcript when it was filed.

7. If the transcript of the judgment should be improperly filed in the Circuit Court, or it was otherwise irregular, that would afford grounds for quashing the execution or other subsequent proceedings. And when the court erroneously refuses to do so, a writ of error may then be prosecuted to correct that judgment. Until there is a judgment rendered by the Circuit Court on a motion involving the correctness of proceedings upon such a judgment, there is nothing upon which to bring error.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. JOHN THOMPSON, Judge, presiding.

On the 25th day of February, 1858, Ransom Babcock commenced a suit against H. T. Avery and G. D. Ensign, before a police magistrate in Galesburgh, in Knox county, to recover a certain debt alleged to be owing by the defendants to the plaintiff. A summons was served on the 1st of March following. Thereupon a judgment was rendered as follows:

"RANSOM BABCOCK  
  *agt.*         *Action on note.  Demand* 383.18.  
H. T. AVERY and G. D. ENSIGN.

On day of trial, suit called, defendants appeared and acknowledged the above amount correct. Judgment is therefore rendered by confession against H. T. Avery and G. D. Ensign and in favor of Ransom Babcock, for the sum of 383.18 debt and 2.39 cost."

An execution was issued upon this judgment on the 21st of April, 1858, which was returned "no property found," June 5th, 1858.

On the 26th day of June a transcript of this judgment was filed in the Circuit Court, and an execution issued therefrom on the 10th of January, 1859, by virtue of which, on the 5th of February following, a tract of land was sold.

In the following June, the defendants entered their motion in the Circuit Court to set aside the sale and quash the execution, upon the ground that the original judgment rendered by the police magistrate was void, because there was no dollar mark to indicate for what sum of money it was rendered. This motion was overruled on the 22d day of October, 1859. On the 6th day of April, 1864, the defendants sued out this writ of error to bring in review before this court the judgment of the Circuit Court in overruling the motion.

Mr. L. DOUGLASS, for the plaintiffs in error.

Mr. T. G. FROST, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a motion to quash an execution, and set aside a sale made under it. The judgment was originally rendered by a police magistrate in the city of Galesburgh. An execution was issued and returned no property found. Afterwards a transcript of this judgment was filed in the office of the circuit clerk of Knox county, upon which the clerk issued an execution upon which the sale was made. The transcript of the police magistrate contains this entry: " On day of trial, suit called, defendant appeared and acknowledged the above amount correct; judgment is therefore rendered by confession against H. B. Avery & G. D. Ensign for the sum of 383.18 debt and 2.39 costs." The caption to this judgment states the demand to be " 383.18" and is manifestly what was referred to in the judgment, as the " above amount." On the hearing the motion was overruled and exceptions were taken.

The ground relied upon for a reversal is, that the judgment is indefinite and uncertain. There is no word, mark or character, which, in any manner, indicates for what the judgment is rendered. It is true that there are the figures " 383.18," but whether they are intended to represent that number of American, English or German coins, we are left entirely to conjecture. Nor is anything found in the record from which it can be certainly inferred. It may be said, that indebtedness is usually for dollars and decimal fractions of a dollar, but we know it is not of unfrequent occurrence that agreements are made for sums in other coins, especially when made in other countries. The decisions of this court are uniform, that in a judgment for money the sum must be specified in words or figures with some mark or character designating the precise sum. *Lawrence v. Fast*, 20 Ill. 338; *Lane v. Bommelmann*, 21 Ill. 143; *Eppinger v. Kirby*, 23 Ill. 521; *Dukes v. Rowley*, 24 Ill. 211; *Bailey v. Doolittle*, id. 577. This case falls clearly within the rule announced in these cases, and no reason is perceived why it should not be governed by it.

The judgment of the court below, overruling this motion, was rendered on the 22d day of October, 1859, and the writ of error was issued on the 6th day of April, 1864. Thus it will be perceived that five years have not intervened from the rendition of the judgment, to the suing out of this writ. The bar of the statute only commenced running from the date of the judgment brought under review. The judgment on the motion was the final order of the court, and was such an order as may be reversed or affirmed, on error or appeal in this court. Error did not lie from the judgment of the police magistrate and no judgment was rendered in the Circuit Court on the transcript when it was filed. If improperly filed, or it was otherwise irregular, that would afford grounds for quashing the execution or other subsequent proceedings. And when the court erroneously refuses to do so, a writ of error may then be prosecuted to correct that judgment. Until there is a judgment rendered by the Circuit Court on a motion involving the correctness of proceedings upon such a judgment there is nothing upon which to bring error.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*