PITTSBURGH, FT. WAYNE & CHICAGO RAILWAY CO.

*v.*

THE CITY OF CHICAGO.

1. JUDGMENTS—*their requisites.* All judgments for money must be certain, and find the sum for which they are rendered, and failing so to do, they are fatally defective.

---

2. SAME—*judgments for taxes and upon special assessments.* It has been held, that a judgment against lands for non-payment of taxes is fatally defective, unless there is some character or word which indicates the amount or sum for which numerals are employed in the collector's report, upon which the judgment is rendered. The same rule governs in case of a judgment for a special assessment.

3. In this case, which was an application for judgment against city lots for non-payment of a special assessment, in the collector's report there were various numerals in columns, opposite the several lots, and the columns were headed thus: the first, "Amount due;" the second, "Costs, cents," and the third, "Amount due." There was neither at the head of the columns, nor opposite the figures in the columns, any word, mark or character to indicate for what the figures were designed. The judgment itself contained nothing to indicate the amount, except by reference to the report: *Held,* the judgment was fatally defective, in failing to find the sum of money due.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. BARKER & TULEY, for the appellants.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application in the court below, made by the city collector, upon his report, and a special warrant issued for the collection of a special assessment previously made for curbing, filling and paving Canal street, from Twelfth to Sixteenth street, in Chicago. He gave ten days' notice by publication to all persons interested, of the receipt of the warrant, and had caused six days' notice, by a like publication, of his intention to apply for judgment against the delinquent lots and real estate for the amount of the assessment, damages and costs respectively due on the same. He returned that the schedule annexed to his report was a correct list of lots

6—53RD ILL.

upon which the assessment had not been paid, and that the same was, in all respects, correct; and he therein prays judgment.

Appended to his report, and filed with it, are the two notices referred to therein. The court below, after hearing the evidence, rendered judgment in the usual form, from which this appeal is prosecuted. It is insisted, that the judgment of the court below should be reversed, because it fails to find the sum of money due and unpaid on the assessment against the several lots owned by appellants, and returned by the collector in his report. The objections were overruled, and judgment was rendered, the substantial portion of which is this:

"And no owner having appeared to show sufficient cause why judgment should not be entered against said lands and other property, for the assessment, damages and costs due severally thereon; therefore it is considered by the court that judgment be and is hereby entered against all of the aforesaid lots, pieces or parcels of land, or other property mentioned and described in the foregoing report of the said city collector, in favor of the city of Chicago, for the assessment, damages and costs annexed to them severally, being the amounts due thereon."

Thus it will be seen that the judgment is for the several sums reported to have been due by the collector; and reference to that report, as contained in the transcript, fails to show, in any manner, the sums assessed against the several lots owned by appellants. It is true, there are various numerals opposite each of these lots, in columns variously headed. The heading to the first is, "Amount due;" the second, "Costs, cents;" the third, "Amount due." Under these headings, and in the columns, are a number of numerals opposite the several lots, but there is neither at the head of the column, nor opposite the figures, any word, mark or character to indicate for what they were designed. Nor do we

find at the foot of the columns any aggregate of the various numerals written above, with a dollar, or other mark, to determine their character or nature. It is thus apparent that the judgment fails, in terms, or by reference, to find the sums due against the several lots of appellants embraced in the report, and against which the court intended to render a judgment.

This court has repeatedly held that, in rendering a judgment against lands for taxes, it is fatally defective, unless there is some character or word which indicates the amount or sum for which numerals are employed in the collector's report upon which the judgment is rendered: *Lawrence* v. *Fast*, 20 Ill. 338; *Lane* v. *Bommelmann*, 21 Ill. 143; *Dukes* v. *Rowley*, 24 Ill. 222, and *Eppinger* v. *Kirby*, 23 Ill. 521. And a judgment for an assessment depends upon and must be governed by the same principles. All judgments for money must be certain, and find the sum for which they are rendered, and failing to do so they are fatally defective. For that reason, this judgment must be reversed and the cause remanded.

*Judgment reversed.*