BENJAMIN B. HOPKINS, Collector of Taxes of the Town of Scituate, *vs.* CYRUS YOUNG.

An assessment list for town taxes was made up as follows: —

| Names. | Description. | Real. | Personal. | Tax. |
|---|---|---|---|---|
| Young, Cyrus, | 24 a. home estate,<br>20 a. T. Young lot,<br>9 a. woodland, Whipple lot, | 800<br>800<br>200 | —<br>—<br>— | } 12.60 |

With the list was a certificate setting forth the total valuation in dollars and cents, and the amounts in dollars and cents of the total realty tax and of the total personalty tax.

*Held,* that the assessment list sufficiently described the estates taxed, and was not void for uncertainty owing to a lack of dollar signs.

ASSUMPSIT. Heard by the court, jury trial being waived.

*June* 13, 1885. STINESS, J. Suit to collect a town tax, which the defendant resists upon two grounds : —

*First.* That the assessment list does not properly describe the estates taxed. The list is made up as follows : —

| Names. | Description. | Real. | Personal. | Tax. |
|--------|-------------|-------|-----------|------|
| Young, Cyrus, | 24 a. home estate,<br>20 a. T. Young lot,<br>9 a. woodland, Whipple lot, | 800<br>800<br>200 | —<br>—<br>— | } 12,60 |

Unquestionably a valid assessment must describe the property assessed with sufficient clearness and certainty to inform the owner of the assessment, and to show upon what property the tax is levied. The description must be sufficient to identify the property, in case of a sale, upon which the tax has not been paid, and the property which is to be sold to pay the tax. It does not follow, however, that in the assessment list a description of the property by metes and bounds is necessary. This would be both cumbersome and impracticable. But, short of this, it would be difficult to describe a man's estate with clearer definiteness than as his " home estate," of twenty-four acres, or his " 9 a. woodland, Whipple lot."

The owner certainly could not be misled by such a description, and others would be quite as likely to know the land levied upon by these designations as by metes and bounds. In a deed a more extended and exact description would be given, but such a reference as this points out the tract that is assessed as clearly as could be expected in an assessment list. If " *Buck Leap*," " *Far End Close*," a house with a certain number on a certain street, and the like, are sufficient for a declaration in trespass, the description which is given in this case ought to answer for the assessment list in a town tax.

It is suggested by counsel that, without a more particular description, the assessors may have erroneously supposed that the twenty-four acres lay mostly on one side of the defendant's house, when, in fact, they lay mostly on the other, and have valued it accordingly. We are bound to assume, if nothing appears to the contrary, that the officers assessed what they say they assessed, the " home estate," etc. The statute requires the tax-payer, after notice given as in this case, to bring in an exact account of his ratable estate, " describing and specifying the value of every parcel of his real and personal estate," and if he fails to do so, he, " if over-

taxed, shall have no remedy therefor." If the individual is denied a remedy for an error in judgment on the part of the assessors, by reason of his default, clearly the tax should not be declared void because of the same default in failing so to describe his property that the assessors might know with certainty what and where it was.

*Second.* That the manner in which the valuations and amount of tax are carried out, without dollar-marks or other indications to show whether the figures stand for dollars, cents, or mills, is so uncertain as to render the assessment void. In California, Illinois, and Tennessee, it has been held that defects of this character invalidate and avoid the tax. *The People* v. *San Francisco Savings Union*, 31 Cal. 132; *People* v. *Hastings*, 34 Cal. 571; *Lawrence* v. *Fast*, 20 Ill. 338, 340; *Lane* v. *Bommelman*, 21 Ill. 143; *Dukes* v. *Rowley*, 24 Ill. 210; *Randolph* v. *Metcalf*, 6 Cold. 400.

It should be noticed, however, that in Illinois and Tennessee the question arose upon judgments against delinquent tax-payers, where greater strictness would be required, and that the decision in each case proceeds upon the ground that nothing appeared by which it could be determined what value had been put upon the property. In other cases it has been held that a similar method of setting out values was not invalid, because what was meant sufficiently appeared and no one could be misled thereby. *Cahoon* v. *Coe*, 52 N. H. 518, 524; *Bird* v. *Perkins*, 33 Mich. 28, 31; *State* v. *Eureka Consolidated Mining Co*. 8 Nev. 15.

The case before us is somewhat different. Appended to the assessment list is a certificate by the assessors, in which they set forth that the total valuation of the real and personal estate, each, is a certain amount in dollars, and that the total tax is a certain amount in dollars and cents. This, in connection with the other parts of the list, indicates the meaning of the figures and renders them certain. " *Id certum est quod certum reddi potest*."

We think, therefore, that the assessment is not void, upon the grounds claimed, and that the plaintiff is entitled to judgment.

*Judgment for plaintiff.*

*Browne & Van Slyck*, for plaintiff.
*Colwell & Barney*, for defendant.