HENRY H. GAGE *et al.*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. SPECIAL ASSESSMENTS—*what not sufficient proof of non-compliance with section 75.* Non-compliance with section 75 of the Local Improvement act as amended in 1901, requiring steps for letting the contract to be taken within fifteen days from final determination of an appeal or writ of error, is not established by proof that the confirmation judgment was affirmed by the Supreme Court in February and an order for an advertisement for bids was entered the following July.

2. SAME—*a judgment for special assessment must be certain in amount.* A judgment for a delinquent special assessment is fatally defective which fails to show, in terms or by reference, the amount, in dollars and cents, due for the assessment and costs.

3. SAME—*what does not show amount of judgment.* Numerals placed in a column of the schedule attached to the order of sale, headed "total," do not show the amount of the judgment where there is no dollar-mark or character, either at the head of the column or elsewhere, to show what the numerals were designed to represent.

4. SAME—*when clause reciting obtaining of jurisdiction by notice is unnecessary.* The jurisdictional clause contained in the statutory form of a judgment of sale, which is a recital that the court has obtained jurisdiction by giving notice, is unnecessary, where the record shows that jurisdiction was acquired by the appearance of the parties and a hearing of the objections.

5. SAME—*what omission from the statutory form of judgment of sale is proper.* Omission of the words "or so much of each of them as shall be sufficient" from the statutory form prescribed by section 191 of the Revenue act for a judgment for a delinquent special assessment against the several lots or tracts is proper since the change made by section 202 of the Revenue act in the method of sale.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellants.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

From a judgment and order of sale entered by the county court of Cook county against appellants' lots for a delinquent special assessment they have prosecuted this appeal.

One of the objections filed by appellants was that the contract for the work on the improvement for which the assessment was levied was not let, nor any steps taken to let the same, within the time prescribed by section 75 of the Local Improvement act as amended in 1901, and this is the only objection now insisted upon. The judgment confirming the assessment was entered in the county court on September 26, 1902, and an appeal was taken to this court. The provision of section 75 applicable to such cases is as follows: "If the judgment of condemnation or of confirmation of the special tax or special assessment levied for such work be appealed from, or stayed by a *supersedeas* or other order of a court having jurisdiction, * * * then the steps herein provided for the letting of the contract for such work shall be taken within fifteen (15) days after the final determination of said appeal or writ of error, or the determination of such stay, unless the proceeding be abandoned as herein provided." (Laws of 1901, p. 113.) Appellants assumed the burden of proving the fact alleged in the objection, that no steps were taken to let the contract within the time prescribed by the statute, and the only evidence on that subject was that the judgment confirming the assessment was affirmed by this court on February 18, 1903, and that an order for an advertisement for bids was entered by the board of local improvements on July 30, 1903. There was no evidence that no previous step had been taken by the board of local improve-

ments toward letting the contract, nor that there had been no stay of proceedings after February 18, 1903, by an order of a court having jurisdiction. In fact, counsel for appellants says in his brief, although we have not found it in the abstract, that there was a petition to this court for a rehearing, which was denied on June 11, 1903. Our rules provide for an order staying proceedings on the filing of such petition in a proper case, and there was no evidence whether such an order was granted nor of the final determination of any stay. The statute extends the time fifteen days beyond the final determination of an appeal or the determination of a stay by a *supersedeas* or other order of a court having jurisdiction. If the fact alleged had been proved, questions whether the statute is mandatory or directory and whether a property owner who stands by while a beneficial improvement is being made is estopped from objecting as to a matter which perhaps has not been in any manner detrimental to him would have arisen, but we do not regard the fact as proved. The court did not err in overruling the objection.

Errors are assigned as to the form and sufficiency of the judgment and order of sale. One of them is, that the judgment is defective in failing to state the amount for which it was rendered. A judgment for a tax or special assessment must be certain in amount. (*Gage* v. *People,* 207 Ill. 61.) If it does not, in terms or by reference, find the sums of money due for the tax or assessment and costs it is fatally defective. (*Pittsburgh, Ft. Wayne and Chicago Railway Co.* v. *City of Chicago,* 53 Ill. 80.) The form of judgment given in section 191 of the Revenue act is adapted to a judgment following the delinquent list and found in the judgment, sale and redemption record, to which the word "aforesaid" refers. In this case judgment was entered against the tracts or lots of land set forth in a schedule attached to the order, which would be sufficient if the schedule showed the property and the several amounts due for the special assessment and costs. But it does not. At the head of one column is the word

"lots," at the head of another "blk.," and at the head of the next is "total." In the columns there are numbers of the lots with numerals opposite them in the last column, but there is no word, mark or character to show what the numerals are designed for, either at the head of the column or elsewhere. There is no reference in the judgment to the delinquent list, or to anything in the record from which it can be said that the numerals stand for dollars and cents. The judgment does not, either in terms or by reference, find or state the several amounts for which it was rendered, and it is for that reason defective.

It is also insisted that the judgment is erroneous in omitting the jurisdictional clause contained in the statutory form of judgment. That clause is a recital that the court has obtained jurisdiction by the giving of notice of the intended application. The statute requires the order to be substantially in the form there given, and it is essential that the record should show jurisdiction, but it is manifest that the jurisdictional clause must be varied to suit the conditions of the case. In this judgment the jurisdiction is shown by a recital of the appearance of the parties and a hearing of the objections. It is only necessary or proper to recite the obtaining of jurisdiction by a notice when jurisdiction is acquired in that way.

It is further urged that the judgment is defective in ordering a sale of the several tracts or lots without the words "or so much of each of them as shall be sufficient," contained in the statutory form. The judgment orders the several tracts or lots to be sold as the law directs to satisfy the assessment and costs. The method of sale has been changed by section 202 of the Revenue act, which provides that the person offering to pay the amount due on each tract or lot for the least percentage thereon for penalty shall be the purchaser thereof. (Hurd's Stat. 1899, p. 1428.) The provision now is that the whole lot shall be sold to the one offering to buy for the least percentage as penalty, and the former provision being inapplicable, the order was properly modified accordingly. The

omission of the words which are in conflict with the present statute was proper.

The only error committed by the county court was in the entry of the judgment, and for that error the judgment is reversed and the cause is remanded to the county court, with directions to enter a proper judgment showing the several amounts for which it is rendered against the several lots.

*Reversed and remanded.*