(No. 22310.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* W. A. WIEBOLT & Co., Plaintiff in Error.

*Opinion filed June 15, 1934.*

DeYoung, J., dissenting.

WILLIAM J. GRACE, (JOSEPH A. CROWE, of counsel,) for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, JACOB SHAMBERG, and WILLIAM P. KEARNEY, of counsel,) for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

We are asked to review by writ of error the judgment rendered by the circuit court of Cook county in an action of debt to collect 1930 personal property taxes. Suit was filed in that court on August 24, 1932, and judgment rendered June 13, 1933, against the plaintiff in error in the sum of $7238, "together with penalty thereon at the rate of one per cent per month from May 1, A. D. 1932, until said debt shall be paid."

In answer to the contention that the judgment is incorrect because it is for the amount of the tax, $7238, "together with penalty thereon at the rate of one per cent per month from May 1, A. D. 1932, until said debt shall be paid," etc., the defendant in error relies upon section 3 of the act on amendments and jeofails. (Smith's Stat. 1933, chap. 7, p. 124.) This section provides that no judgment shall be reversed in the Supreme Court for mere er-

ror in form if the judgment "be for the true amount of indebtedness or damages." When a judgment is rendered, the amount of money due must be definitely determined, including the principal sum and any interest or penalties that have accrued. Thereafter the amount found due draws interest under the interest statute. It was improper in this case to render a judgment for future penalties. The judgment is not for the true amount of the indebtedness "or damages." "All judgments for money must be certain and find the sum for which they are rendered, and failing to do so they are fatally defective." *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *City of Chicago,* 53 Ill. 80.

The defendant in error also depends upon section 77 of the Practice act, (Smith's Stat. 1933, p. 2166,) in force prior to January 1, 1934, which provided: "Nor shall any verdict or judgment be set aside for irregularity only, unless cause be shown for the same, during the sitting of the court, at the term such judgment or verdict shall be given." What was said in the case above cited shows that this is no mere irregularity but a fatal defect instead.

The defendant in error further relies upon the decision in *People* v. *Sandberg Co.* 282 Ill. 245, as holding that the trial court was correct, under the statute, in providing in the judgment for future penalties of one per cent per month. It was objected in that case that the trial court had agreed not to include in the judgment there the penalty of one per cent on the taxes in question which would accrue on August 1. It does not appear whether any effort was made to include penalties for the month of September or any other future months. The decision on the point raised was that the August 1 penalty could not be waived by the trial court and that under the statute it was required to include that penalty in the judgment rendered after August 1. If anything, this is a holding which sustains the views we have expressed rather than a holding that a judg-

ment may be certain in part, and that if a statutory penalty exists this may be continued in force regardless of the fact that the original debt and penalties which have accrued are merged in the judgment rendered.

But there is another objection to this judgment which controls the decision of the case. Plaintiff in error contends that there were no penalties for delinquent personal property taxes when the tax sued for was levied and that no intent to make it retroactive is shown by the amendatory act. In passing on this objection we must examine House Bill 873, effective July 3, 1931, (Laws of 1931, p. 760,) and Senate Bill 149, (Laws of 1931, p. 750,) which became effective July 8, 1931. Both acts amended section 177 of the Revenue law.

A penalty of one per cent per month on delinquent taxes on real estate was created as early as the year 1879, when an amendment was made to section 177 of the Revenue law of 1872. On the other hand, no penalty on delinquent personal property taxes existed when House Bill 873 was passed. It added the like penalty of one per cent per month on delinquent personal property tax to section 177.

At the same session of the legislature Senate Bill 149 was passed. It re-stated the existing penalty on delinquent real property taxes and that which had been added with reference to delinquent personal property taxes by House Bill 873. The only change it made by way of amendment to section 177 was to defer the dates when penalties would accrue on real property taxes in counties where a re-assessment had been ordered and which had a population of 250,000 or more. It also re-stated the provision of this section by which in the years 1929, 1930 and 1931 the court might, in entering judgment in any action or proceeding wherein the validity of any tax was contested in good faith and the court so found by a finding entered of record, waive all or any part of such interest accruing on delinquent real property taxes, not to exceed fifty per cent

of such interest, "and may, in such judgment or decree, provide that not to exceed fifty per cent of such interest otherwise accruing on such tax so in good faith contested shall be waived during the pendency of any appeal or other proceeding diligently prosecuted for the review or vacation of such judgment or decree." The reference to the years 1929, 1930 and 1931 was to calendar years and not to taxing years. This re-statement of previously existing provisions of section 177 was not new legislation. Where the legislature enacts an amendatory statute providing that a certain act shall be amended so as to read as repeated in the amendatory act and no change is made in the wording of the old act, such portions of the old law as are repeated either literally or substantially in the new act are to be regarded as a continuation of the old law and not the enactment of a new statute on the subject. *People* v. *Lloyd,* 304 Ill. 23.

It is the contention of the defendant in error that since the provision for personal property tax penalties was found in the section where it had been inserted by House Bill 873, just prior to the provision for waiver of part of the penalty, where the validity of a tax was attacked in good faith, the re-enactment of the section made by Senate Bill 149 shows a legislative intent to make this amendment added by House Bill 873 retroactive and the penalty applicable to personal property taxes for the years 1929, 1930 and 1931. This contention is unsound for the reason that all that was added by House Bill 873 was the penalty on personal property taxes, and all that was added by the amendment contained in Senate Bill 149 was a change in the date when real property taxes for divers years would become delinquent. The reference to 1929, 1930 and 1931 remained the same, viz., a reference to years during which proceedings were had to collect taxes. The words added by House Bill 873 follow the previously existing penalty on delinquent real property taxes, and are: "All taxes

assessed upon personal property remaining due and unpaid shall bear interest after the first day of May at the rate of one per cent per month until paid; parts or fractions of a month shall be reckoned as a month," etc. Then follows the waiver provision above described.

In *People* v. *Thatcher,* 95 Ill. 109, in affirming a decision which denied penalties on delinquent real estate taxes for the year 1878 although the judgment against the land in question was not rendered until seven days after the amendment to the statute creating such penalties had become effective, we said: "Clearly the decision is correct. * * * There is nothing that indicates the legislature intended the act of 1879, amendatory of section 177 of the Revenue law, should have any retroactive operation, and there is no authority for giving it any such effect by construction. It is a doctrine applicable to all laws, that it will not be supposed the legislature intended a law should have a retrospective operation unless where that intention has been manifested by the most clear and unequivocal expression. (*In re Tuller,* 79 Ill. 99.) Construing the act of 1879 as having no application to taxes levied and assessed before its passage, as we must do, the decision of the county court is correct and must be affirmed."

It is not material in the case before us that plaintiff in error had an opportunity to pay its personal property tax before the suit was filed or judgment was rendered. The same situation existed in the *Thatcher case,* and that fact has no bearing on the question of the legislative intent. The amendment created by House Bill 873 is an exact parallel of that considered in the *Thatcher case* and is not affected by the re-statement contained in Senate Bill 149 or the amendment it made to section 177. No intent is shown in either of the two amendments to make the penalty on personal property taxes retroactive.

For the errors indicated the judgment of the circuit court of Cook county is reversed and the cause is remanded

to the trial court, with directions to enter a judgment in favor of the defendant in error and against the plaintiff in error for $7238, which is the amount of the tax and is undisputed, and costs of suit in that court.

*Reversed and remanded, with directions.*

Mr. JUSTICE DEYOUNG, dissenting.