MIGUEL GARCÍA MARTÍNEZ ET AL., Petitioners and Appellants,
*v.* CARLOS M. SOLTERO ET AL., Respondents and Appellees.

No. 9034.   Argued April 6, 1945.—Decided July 16, 1945.

*Heriberto Torres Solá, Lionel Fernández Méndez,* and *Juan A. Faría*
for appellants.   *E. Ramos Antonini* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Some of the appellants herein are the beneficiaries of employees who were insured with the Savings and Loan Fund Association of the Employees of the Insular Government, and others were employees insured with the same Association who claim disability insurance.

In that capacity they have applied for a writ of mandamus to compel the President and Secretary-Accountant of the Association to liquidate the policies in accordance with § 20 of Act No. 52 of July 11, 1921 (Laws of 1921, p. 374), as amended by Act No. 189 of May 11, 1942 (Laws of 1942, p. 962).

■ The aforesaid Section was also amended by Act No. 150 of May 15, 1937 (Laws of 1937, p. 396), so as to read, in its pertinent part, as follows:

"Upon the approval of this Act, the secretary-accountant, in accord with the president, shall proceed to liquidate, and the Auditor of Puerto Rico to pay, by turns and as far as the fund will go, the assessments collected in all pending cases of insurance against disability and death and all cases which may hereafter occur, for a total amount equal to that resulting in the month this Act is approved, until all pending cases are liquidated and up to date. After the lapse of the term of five (5) years from the said date of approval of this Act, the insurance shall be liquidated for the total amount which may result from the assessments of the members in the following manner: The corresponding monthly assessments of the insurance shall be distributed as follows:

"(a) Five (5) per cent shall be devoted to the reimbursement of assessments to members enjoying the benefit of disability and death insurance, subject to the provisions of this Act and who cease in their offices without being covered by death insurance at the time of their ceasing.

"(b) Likewise, ten (10) per cent shall be devoted to the creation of a 'Reserve Fund', the proceed of which shall be applied to the liquidation of such cases of disability or death as may result in excess of the four cases which, in accordance with law should be liquidated monthly with the assessments deducted.

"(c) And the remaining eighty-five (85) per cent shall be applied in each case to the payment, strictly by turns, of the disability or death insurance; . . ."

That same Section was subsequently amended by Act No. 108 of May 5, 1939 (Laws of 1939, p. 556), but the part copied above was left unchanged.

It was the amendatory Act No. 189 of May 11, 1942, which changed the above-quoted portion of § 20 so that it now reads, in its pertinent part, as follows:

"Upon the approval of this Act, the secretary-accountant, in accord with the president, shall proceed to liquidate, and the Auditor

of Puerto Rico to pay, by turns and as far as the fund will go, the assessments collected in all pending [1] cases of insurance against disability and death and all cases which may hereafter occur, for a total amount equal to that resulting in the month this Act is approved, until all pending cases are liquidated and up to date. After the lapse of the term of five (5) years from the said date of approval of this Act, the insurance shall be liquidated for the total amount which may result from the assessments of the members in the following manner:

"(a) Two (2) per cent shall be allotted for the creation of a relief fund for the assistance of those members who, having claimed physical disability, and having been examined by the physician of the association, find themselves temporarily incapacitated for work; *Provided*, That such assistance shall not be granted for more than sixty (60) consecutive days after the incapacitated employee has exhausted the vacation and sick leaves to which he is entitled; *And provided, further,* That the amount of, and the granting of such relief shall be regulated by the board of directors;

"(b) Three(3) per cent shall be devoted to the reimbursement of assessments to members enjoying the benefit of disability and death insurance, subject to the provisions of this Act and who cease in their offices without being covered by death insurance at the time of their ceasing; *Provided*, That after a member has signified his intention of continuing to enjoy the benefit of death insurance upon ceasing in his employment, if he should continue paying the corresponding assessments, he cannot recover them, in accordance with the provisions of this section, if he should signify his wish to be relieved from enjoying the benefits as a member or should give cause for being excluded for failure to pay his assessments;

"(c) Likewise, ten (10) per cent shall be devoted to the creation of a 'Reserve Fund', the proceeds of which shall be applied to the liquidation of such cases of disability or death as may result in excess of the four cases which, in accordance with law, should be liquidated monthly with the assessments deducted."

---

[1] The word "pending" also appears in the amendment of 1937, but we are of opinion that it was not the intention of the Legislature, upon enacting the amendment of 1942, especially where a law of procedure was involved, to make said amendment retroactive with prejudice to the solvency of the Insurance Fund.

Since the Act of 1939 did not change said portion of § 20,[2] we must consider that when it was repeated in the amendatory Act of 1939, that part was not affected by said amendment, and that it remained in force for all legal purposes, not as if it had been reënacted by the Act of 1939, but as if it had not been amended. To this effect it was stated in *People v. Wiebolt & Co.*, 191 N.E. 689 (Ill. 1934), 93 A.L.R. 789: "Where the Legislature enacts an amendatory statute providing that a certain act shall be amended so as to read as repeated in the amendatory act and no change is made in the wording of the old act, such portions of the old law as are repeated either literally or substantially in the new act are to be regarded as a continuation of the old law and not the enactment of a new statute on the subject. *People v. Lloyd*, 304 Ill. 23, 136 N.E. 505."

See also *Farmers A. Inter-Insurance Exchange v. Mac Donald*, 140 P. (2d) 905 (Wyo. 1943); *MacClure v. United States*, 95 F. (2d) 744 (CCA 9th, 1938), 1 Sutherland, Stat. Const., 3rd ed·, § 1933, p. 425.

Therefore, we must consider that the aforesaid portion of § 20, as amended by the Act of 1937 remained in force until the amendatory Act of 1942 became effective prospectively.

Since in 1942 there were more employees insured with the Association than in 1937, it would be more profitable for the appellants to have their policies liquidated under the amendatory Act of 1942, and for that reason they sought their liquidation under the latter Act. Since the answer accepted the facts alleged in the complaint, although denying their legal effect, the lower court rendered judgment on the pleadings denying the petition for mandamus.

---

[2] Section 34 of the Organic Act, in its pertinent part, provides: "No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended, or conferred shall be reenacted and publish at length."

As the lower court stated, the deaths and disabilities which occurred during the period covered between the effectiveness of the amendment of 1937 and that of 1942, should be liquidated pursuant to the Act in force at that time, that is, the amendatory Act of 1937; but if they occurred after the amendment of 1942 became effective, then appellants should be entitled to have their policies liquidated under the amendatory Act of 1942.

The lower court held, correctly in our opinion, that the petition for mandamus does not allege facts disclosing the dates on which those events took place. All that the petition alleges in that respect, is the following conclusion of law, which was denied in the answer, to wit: ". . . are persons insured with the aforesaid Savings and Loan Fund Association of the Employees of the Insular Government, whose disability policies are subject to liquidation under the terms of Act No. 52 of July 11, 1921, as amended by Act No. 189 of May 11, 1942, . . ."

Under these circumstances appellants have not proved that there is a clear ministerial duty, imposed by law on the respondents, to liquidate the policies in accordance with the amendatory Act of 1942. It was incumbent on the appellants to clearly set forth in their petition for mandamus the facts on which the court could base its decision as to which of the two Acts, the Act of 1937 or that of 1942, was applicable to the case.

Having reached this conclusion, it is unnecessary to pass upon the procedural question invoked by the appellants as to whether the lower court erred in permitting the respondents to file a motion together with their answer seeking the dismissal of the petition for mandamus for failure to state facts sufficient to constitute a cause of action.

The judgment is affirmed.