MIGUEL GARCÍA MARTÍNEZ y otros, peticionarios y apelantes, *v.* CARLOS M. SOLTERO y RAMÓN ROIG, Presidente y Secretario Contador, respectivamente, de la ASOCIACIÓN FONDO DE AHORRO Y PRÉSTAMO DE LOS EMPLEADOS DEL GOBIERNO INSULAR DE P. R., demandados y apelados.

Núm. 9034.—*Sometido:* Abril 6, 1945. *Resuelto:* Julio 16, 1945.

*Heriberto Torres Solá, Lionel Fernández Méndez* y *Juan A. Faría,* abogados de los apelantes; *E. Ramos Antonini,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Algunos de los apelantes son los beneficiarios de empleados que estuvieron asegurados en la Asociación Fondo de

Ahorro y Préstamo de los Empleados del Gobierno Insular, y los restantes fueron empleados asegurados en la misma Asociación quienes reclaman su seguro por inutilidad.

En el indicado carácter todos han solicitado un auto de *mandamus* contra el Presidente y el Secretario Contador de la Asociación, ordenándoles que les liquiden sus pólizas con arreglo a la sección 20 de la Ley núm. 52 aprobada el 11 de julio de 1921 (pág. 375), según fué enmendada esa sección por la Ley núm. 189 de 11 de mayo de 1942 (pág. 963).

La citada sección fué también enmendada por la Ley núm. 150 aprobada el 15 de mayo de 1937 (pág. 399), de modo que en lo pertinente decía así:

"Al ser aprobada esta Ley, el Secretario Contador, de acuerdo con el presidente, procederá a liquidar y el Auditor de Puerto Rico a satisfacer por turno y hasta donde alcance, las cuotas recolectadas en todos los casos de seguros por inutilidad y muerte pendientes y los que puedan ocurrir en adelante, por el importe total igual al que resulte en el mes de la fecha de la aprobación de esta Ley, hasta liquidar y poner al día todos los casos pendientes, y después de transcurrido el término de cinco (5) años, desde dicha fecha de aprobación de la Ley, el seguro se liquidará por el importe total que resulte de las cuotas de los asociados y acogidos en la forma siguiente: Las cuotas mensuales correspondientes al seguro se distribuirán en la forma siguiente:

"(*a*) Se destinará el cinco (5) por ciento para la devolución de las cuotas a los asociados que disfruten del beneficio del seguro de inutilidad y muerte, sujeto a las disposiciones de esta Ley y que cesaren en sus cargos y no quedaren acogidos al seguro por muerte al tiempo de dicho cese.

"(*b*) Así también se destinarán el diez (10) por ciento para establecer un 'Fondo de Reserva' el producto del cual se aplicará a la liquidación de los casos de inutilidad o muerte que resulten en exceso de las cuatro, que de acuerdo con la ley deben liquidarse mensualmente con las cuotas que se descuenten.

"(*c*) Y el ochenta y cinco (85) por ciento o remanente se aplicará en cada caso a satisfacer el seguro por inutilidad o por muerte por riguroso turno; . . .."

La misma sección fué posteriormente enmendada por la Ley núm. 108 de 5 de mayo de 1939 (pág. 557), pero la porción antes transcrita no fué alterada en absoluto.

La enmienda de que fué objeto la citada sección por la Ley núm. 189 de 11 de mayo de 1942 fué la que alteró la referida porción quedando redactada, en lo pertinente, así:

"Al ser aprobada esta Ley, el Secretario Contador, de acuerdo con el presidente, procederá a liquidar y el Auditor de Puerto Rico a satisfacer por turno y hasta donde alcance, las cuotas recolectadas en todos los casos de seguros por inutilidad y muerte pendientes[1] y los que puedan ocurrir en adelante, por el importe total igual al que resulte en el mes de la fecha de la aprobación de esta Ley, hasta liquidar y poner al día todos los casos pendientes, y después de transcurrido el término de cinco (5) años, desde dicha fecha de aprobación de la Ley, el seguro se liquidará por el importe total que resulte de las cuotas de los asociados y acogidos en la forma siguiente:

"(a) Se destinará el dos (2) por ciento para fondo de alivio (relief) para ayudar a aquellos asociados que, habiendo solicitado la inutilidad física y examinados por el médico de la Asociación, se hallen temporalmente incapacitados para su trabajo; Disponiéndose, que tal ayuda no se concederá por más de 60 días consecutivos, después que el empleado inhabilitado haya agotado la licencia para vacaciones y por enfermedad a que tenga derecho; Y disponiéndose, además, que la cuantía y forma de concesión de dicha ayuda serán reglamentadas por la Junta de Directores.

"(b) Se destinará el tres (3) por ciento para la devolución de las cuotas a los asociados que disfruten del beneficio del seguro de inutilidad y muerte, sujeto a las disposiciones de esta Ley y que cesaren en sus cargos y no quedaren acogidos al seguro por muerte al tiempo de dicho cese; Disponiéndose, que después que un asociado haya significado su intención de continuar acogido al seguro por muerte al cesar en su empleo, si continuare pagando las cuotas correspondientes, no podrá recobrarlas de acuerdo con lo dispuesto en esta sección, si significare su deseo de que se le releve como acogido o diere motivo a que por falta de pago se le dé de baja.

[1] La palabra "pendientes" aparecía también en la enmienda de 1937 y no creemos que fuese la intención de la Legislatura, al aprobar la enmienda de 1942, especialmente cuando no se trata de una ley de procedimiento, darle efecto retroactivo a dicha enmienda con perjuicio de la solvencia del Fondo del Seguro.

"(c) Así también se destinarán el diez (10) por ciento para establecer un 'Fondo de Reserva' el producto del cual se aplicará a la liquidación de los casos de inutilidad o muerte que resulten en exceso de las cuatro, que de acuerdo con la ley deben liquidarse mensualmente con las cuotas que se descuenten."

Como la Ley de 1939 no alteró dicha porción, tenemos que considerar que al transcribirse en la enmienda de 1939 la referida porción de la sección 20,([2]) esa parte no fué afectada por dicha enmienda de 1939 y quedó en vigor para todos sus efectos legales, no como si fuese reenactada por la Ley de 1939, sino como si no hubiera sido enmendada. A este efecto se dijo en *People* v. *Wiebolt & Co.* (Ill., 1934) 191 N. E. 689, 93 A. L. R. 789: "Cuando la Legislatura aprueba una enmienda a una ley prescribiendo que ésta sea enmendada de modo que quede redactada como se expresa en la ley enmendatoria, las porciones de la anterior ley que se repiten literal o sustancialmente en la ley enmendatoria, deben considerarse como una continuación de la ley anterior y no como una nueva ley sobre la materia. *People* v. *Lloyd*, 304 Ill. 23 (1922), 136 N. E. 505." (Paréntesis nuestro.)

Véanse al mismo efecto *Farmers A. Inter-Insurance Exchange* v. *MacDonald*, (Wyo., 1943) 140 P.2d 905; *MacClure* v. *United States*, 95 F.2d 744 (C.C.A. 9th, 1938), 1 Sutherland, *Stat. Const.*, 3rd. ed., Sec. 1933, pág. 425.

Por consiguiente tenemos que considerar que esa porción de la sección 20, tal como fué enmendada por la Ley de 1937, permaneció en vigor hasta que prospectivamente empezó a regir la enmienda de 1942.

■ Como en 1942 habían muchos más empleados asegurados en la Asociación que en 1937, conviene más a los intereses de los apelantes que sus pólizas sean liquidadas con

([2])El artículo 34 de la Ley Orgánica, en lo pertinente, dispone: "Ninguna ley será restablecida o enmendada, ni se dará mayor alcance a sus disposiciones, ni se conferirán las facultades en ella contenidas, haciendo referencia a su título solamente, sino que toda la parte de ella que sea restablecida, enmendada, extendida o conferida será decretada nuevamente y publicada en su totalidad."

arreglo a la enmienda de 1942, y por esa razón solicitaron que se les liquidase con arreglo a dicha última enmienda. La corte inferior, basándose en las alegaciones—la contestación admitió los hechos alegados en la demanda, pero negó el efecto legal de los mismos—dictó sentencia declarando sin lugar la petición de mandamus.

Como dijera la corte inferior, las muertes ocurridas o las inutilidades declaradas en el período comprendido entre la vigencia de la enmienda de 1937 y la de 1942, deben liquidarse con arreglo a la ley entonces en vigor, la enmienda de· 1937; pero si dichos eventos ocurrieron a partir de la vigencia de la enmienda de 1942, entonces tendrían derecho los peticionarios a que sus pólizas fuesen liquidadas con arreglo a la enmienda de 1942.

Declaró la corte inferior, correctamente a nuestro juicio, que la petición de mandamus no alega hechos de los cuales pueda determinarse en qué fechas ocurrieron dichos eventos. Todo lo que se alega en la petición a ese respecto, es la siguiente conclusión de derecho, la cual fué negada en la contestación, a saber: " . . . son personas aseguradas con la mencionada Asociación Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico, cuyas pólizas por inutilidad están sujetas a liquidación bajo los términos de la Ley núm. 52 de 11 de julio de 1921, como quedó enmendada por la Ley núm. 189 de 11 de mayo de 1942, . . .".

En tales circunstancias no han probado los apelantes que exista un claro deber ministerial, impuesto por la Ley a los demandados, de liquidar las pólizas con arreglo a la enmienda de 1942. Incumbía a los apelantes exponer claramente en su petición de mandamus los hechos a base de los cuales la corte pudiese determinar cuál de las dos leyes, la enmienda de 1937 o la de 1942, era la aplicable.

Dada la conclusión a que llegamos es innecesario considerar la cuestión de procedimiento invocada por los apelan-

tes, a los efectos de si erró o no la corte inferior al permitir a los demandados radicar una moción juntamente con la contestación solicitando que se desestimase la solicitud de mandamus, por no aducir hechos constitutivos de causa de acción.

*Procede confirmar la sentencia.*