DAVID EPPINGER, Plaintiff in Error, *v.* GEORGE KIRBY *et ux.*, Defendants in Error.

ERROR TO SCOTT.

Where a precept and judgment is referred to, to sustain a tax sale, the amount should definitely appear in the judgment. An error in the precept might be corrected ; but uncertainty as to the judgment is fatal. If the judgment is for different taxes, there should be certainty as to each.

Eppinger *v.* Kirby et ux.

THIS was a suit in ejectment to recover possession of lot twenty-six in McLaughlin's addition to the town of Winchester, Scott county, Illinois, and by consent of parties, tried by the court, WOODSON, Judge, presiding, with judgment for the plaintiffs.

And the following agreed case is certified to the Supreme Court for its adjudication:

The defendant bases his defense upon a tax title, and introduced in evidence the records and proceedings of the county court of said county, wherein a judgment was rendered against said lot twenty-six, and also the records of a sale made in pursuance of said judgment, and a sheriff's deed for the premises in question to the purchaser at the tax sale, under whom defendant claims title. The only question in the case respects the sufficiency of the following extracts, taken from the original list of delinquent lands returned by the sheriff of said county to said county court, and from the judgment of the county court thereon, and from the precept issued to the sheriff under said judgment. The following extract is from said original list, to wit:

*"Town Lots in the Town of Winchester.*

| Owners' Names | Description | Lot | Block | Value | State Revenue Tax | State Special Tax | County Tax | County Special Tax | Costs | Total Amount due | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jacob Utt | McLaughlin's Addition | 26 | | $ 20 | $ cts. 4 | $ cts. 8 | $ cts 8 | $ cts. 2 | cts. 21 | $ cts. 43 | |

And the following extract is taken from said judgment of the said county court, to wit:

*" Town Lots in the Town of Winchester.*

| Owners' Names | Description | Lot | Block | Value | State Revenue Tax | State Special Tax | County Tax | County Special Tax | Costs | Total Amount due | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jacob Utt | McLaughlin's Addition | 26 | | 20 | $ cts. 4 | $ cts. 8 | $ cts 8 | 2 | 21 | 43 | |

And the following extract is taken from said precept, to wit:

*" Town Lots in the Town of Winchester.*

| Owners' Names | Description | Lot | Block | Value | State Revenue Tax | State Special Tax | County Tax | County Special Tax | Costs | Total Amount due | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jacob Utt | McLaughlin's Addition | 26 | | 20 | 4 | 8 | 8 | 2 | 21 | 43 | |

And it is agreed, that if a tax sale based upon such a list, judgment and precept, is valid, then the defendant ought to have judgment in his favor. It is admitted that the proceedings in all other respects were regular.

BERRY & HALDEMAN, for Plaintiff in Error.

KNAPP & CASE, for Defendants in Error.

WALKER, J. The collector's return shows the amount of valuation of the State, county and special taxes in appropriate columns, for which this land was reported delinquent. These amounts were indicated in dollars and cents, by numerals, with the character representing dollars and a contraction for the word cents. But the judgment which was rendered by the County Court on that report, against this lot, only indicates the State revenue, the special State tax, and the county tax, in that manner. The special county tax, the costs, and aggregate tax, are only indicated by numerals, without words or characters to indicate the several sums in their appropriate columns. The precept issued upon this judgment, fails in each of the several columns to indicate for what the numerals were employed.

By agreement, the only question presented by this record is, the sufficiency of this judgment and precept to sustain the tax sale of this lot, on which the tax deed was issued by the collector, and which was relied upon for a recovery in this case. If the defect were confined alone to the precept, we are not prepared to say, that the objection would be fatal, or that it might not at least be amended, so as to conform to the judgment. If, however, it were amended, the objection would only be removed in part. There would still be a portion of the amount for which the judgment was rendered, composed of numerals having nothing to indicate for what amount they were intended. Was this judgment then sufficiently certain as to the amount for which it was rendered ? In the case of *Lawrence* v. *Fast*, 20 Ill. R. 338, it was held, that a judgment for taxes was fatally defective, unless the amount was specified in dollars and cents, and that the use of numerals, without words, marks or characters to indicate for what they were intended, is not sufficient to support the sale. The same rule was again recognized and acted upon in the case of *Bommelmann* v. *Lane*, 21 Ill. R. 143. In that case, it was further held, that the numerals representing amounts in the judgment could not be explained, and the judgment aided by reference to former judgments, of the same court, for taxes of other years.

A judgment for taxes, like one for anything else, must be

sufficiently certain, to determine the amount for which it is rendered, without reference to any other record or paper. It could not be contended that an ordinary judgment, uncertain in amount, could be aided or explained by a reference to the summons or declaration in the case. The collector's return, like the declaration in ordinary cases, specifies the amount claimed by the collector, as being delinquent, and for which he claims judgment. On the trial, the court only renders judgment for the amount found to be due. If less than is claimed by the sheriff in his return appears to be due, the judgment is rendered for only that sum. The judgment in this case is uncertain as to what is the aggregate sum for which it was rendered. Whether it is for dollars, cents, or mills, does not definitely appear. The same may be said of the county special tax and the costs. The amount indicated by appropriate abbreviations in the first three columns, is only twenty cents, while those in the latter three columns are not so determined. This judgment is equally uncertain as are those referred to in the above cases. It is not aided by the use of dollar marks and abbreviations in a portion of the columns, as they show no more than twenty cents as the amount certainly indicated, while the land was sold for forty-three cents. This amount, when considered alone, seems small and perhaps unimportant, but, in comparison with the amount of the judgment, it amounts to over one hundred and fifty per cent. on the amount thus indicated. Such a variance in tax sales is material, and title will not pass under them. *Pitkin* v. *Yaw*, 13 Ill. R. 251. The judgment did not support the sale and deed read in evidence.

The court below, therefore, committed no error in rejecting the judgment, precept and deed, or in rendering a judgment against the defendant below, and we, therefore, affirm it.

*Judgment affirmed.*