TRISTRAM W. TIDD and others *vs*. CHARLES H. RINES and another.

October 13, 1879.

Tax Judgment—Amount in Numerals.—When the amount of a tax judgment is only expressed in numerals, without indicating what they represent, and with no reference in aid of the omission, it is void for uncertainty.

Partnership Real Estate.—A partnership, as such, cannot take and hold, in its firm name, the legal title to real property.

U. S. Land—Title by Entry and Location.—Under the statutes of this state, proof of an entry or location of a tract of government land belonging to the United States is sufficient, *prima facie*, to show a legal title to such tract in the party making the entry or location.

Same—Proof of Entry and Location.—Such facts of entry and location by any one may be shown by a certified abstract taken from the books and records of the local land-office of the district wherein the tract is situate, properly authenticated by the register of such office.

**Deed—Defective Acknowledgment.**—A defective certificate of acknowledgment will not defeat the operative effect of a deed of conveyance in passing the legal title to the grantee.

**Same—Want of Seal to Certificate by Notary.**—The want of a seal to a notary's certificate of acknowledgment of a deed taken in 1868, is cured by Laws 1870, *c.* 55 (Gen. St. 1878, *c.* 123, §§ 15, 16.)

**Same—Execution by Attorney.**—A deed signed "A. B., (the name of the grantor,) by C. D., his attorney in fact," sufficiently indicates that it was executed by an attorney in fact for and in the name of his principal, without reciting that fact in the body of the deed.

**Assignment in Decree of Distribution.**—An assignment of real property, in a decree of distribution, to a party named, " to have and to hold the same unto her, her heirs and assigns, forever," is an assignment of an estate in fee.

The plaintiffs Tristram W. Tidd, Ezra B. Fales and Clara G. West brought this action in the district court for Mille Lacs county, to set aside certain tax judgments, sales, certificates and assignments, under which the defendants claimed title to the N. W. ¼ of the S. E. ¼, and the S. W. ¼ of section 3, and the S. E. ¼ and the E. ½ of the S. W. ¼ of section 4, all in township 38, range 26, and of which they alleged themselves to be owners in fee. The defendants in their answer put in issue the plaintiffs' title, and alleged title in fee in themselves under the tax judgments, etc. At the trial before *McKelvy,* J., the plaintiffs first put in evidence, under objection and exception, the certificate of the register of the proper land-office showing, among other things, that the lands in section 3 were entered and paid for in 1855 by one William L. Larned, and that, in the same year, part of the lands in section 4 were entered and paid for by one Woodbury and part by one Remington. They also introduced in evidence, under objection and exception, an original deed, purporting to be made "between William L. Larned and Elizabeth J. Larned, his wife, parties of the first part, and John S. Hanscom of the second part," and to convey in fee to the second party the lands entered by Larned, which deed concludes as follows:

"In testimony whereof, the said parties of the first part

hereunto set their hands and seals, the day and year first above written.

"Wm. L. Larned,             [Seal.]
"Elizabeth J. Larned,     [Seal.]
        "By Geo. A. Lewis, [Seal.]
                "Their Att'y in fact."

The certificate of acknowledgment of this deed is as follows: [Venue.] "Be it known that on this 18th day of May, 1867, personally came before me George A. Lewis, as attorney in fact for Wm. L. Larned and Elizabeth J. Larned, his wife, to me personally known to be the same persons described in and who executed the foregoing deed, and acknowledged that he executed the same freely and voluntarily;" with the signature and seal of the proper officer.

Having introduced in evidence a deed from Hanscom and wife to Ira M. Gorton, of the lands in section 3, the plaintiff next introduced, under objection and exception, a certified copy from the office of the register of deeds, of a deed bearing date November 23, 1868, between Ira M. Gorton and Clara G. Gorton his wife (now Clara G. West, one of the plaintiffs) parties of the first part, and the plaintiffs Tidd and Fales, as parties of the second part, and purporting to convey the undivided two-thirds of the lands in section 3, and to have been acknowledged, on the day of its date, before a notary public; but in the paper introduced there was nothing to indicate that any notarial seal had been affixed to the certificate of acknowledgment.

The plaintiffs next introduced in evidence a transcript from the records of the probate court of Hennepin county showing probate of the will of Ira M. Gorton, which contained the following clause: "I give, devise and bequeath unto my beloved wife, Clara G. Gorton, all the rest and residue of my estate and property, both real and personal, in whatever it may consist, or wherever situated at the time of my decease, to be by her used and disposed of during her natural life precisely the same as I myself might do, were I living; and I

hereby give my said wife full power to convert to her own use, invest and re-invest, exchange, sell and convey, or to dispose of by gift or will, as to her shall seem meet and proper, my said remaining estate and property or its proceeds, or any part of either, as absolutely as I myself might do were I living." The testator then proceeds to dispose of such of his estate and property as should remain undisposed of by his wife at the time of her decease.

To the record thus offered the defendants objected because of the absence of sufficient proof of the publication or service of any of the notices mentioned in the proceedings, as required by law; and "because in the transcript there is nowhere any seal attached or indicated, of the judge of probate or probate court, and it appears from said transcript that no seal of said court was ever attached to any of said proceedings." The objections were overruled and defendants excepted.

The plaintiffs then offered in evidence a transcript of the decree of distribution by the same court, of the estate of Ira M. Gorton, in which "it is ordered, adjudged and decreed that the real estate and personal property above described, and all the rest, residue and remainder of the estate of said deceased, be and the same hereby is assigned and distributed to the said Clara G. West, formerly Clara G. Gorton, widow of said deceased, to have and to hold the same, according to the provisons of said last will and testament, unto her, her heirs and assigns forever." To this record the defendants objected, on the ground that "the decree of distribution is simply for the purposes of the will, under which the distributee, Clara G. West, only received a life estate, if any at all, in the property, whereas, in the complaint herein, she is alleged to be owner in fee." The objection was overruled, and the defendants excepted.

To prove title to the land in section 4, the plaintiffs having introduced a deed from Remington to Woodbury, offered in evidence a deed purporting to be made "between Caleb Wood-

bury and Mary M. L. Woodbury his wife, parties of the first part, and Todd, Gorton & Co., of St. Anthony, Hennepin county, Minnesota, parties of the second part," and to convey the lands in section 4. To this deed the defendants objected on the ground "that the deed runs to Todd, Gorton & Co., which is presumed to be a partnership, whereas a partnership cannot take or hold real estate in the partnership name; and because the deed conveys nothing to Tidd, Fales, or West, nor does it convey anything to Ira M. Gorton, the alleged testator of Clara G. West." The objection was overruled, and the defendants excepted. No evidence was offered to show who composed the firm of Todd, Gorton & Co., or that Ira M. Gorton was a partner therein.

The tax judgments and other proceedings under which the defendants claimed title were introduced in evidence, and, so far as material in this case, are stated in the opinion. Upon the findings of the court, judgment was entered for the plaintiffs, and the defendants appealed.

*Chas. D. Kerr, A. P. Barker* and *D. B. Searle,* for appellants.

*Woods & Babcock,* for respondents.

CORNELL, J. This action is brought under the provisions of Laws 1874, *c.* 68, (Gen. St. 1878, *c.* 75, § 2,) for the purpose of determining an adverse claim by defendants to certain vacant lands of which the plaintiffs claim to be the lawful owners in fee simple. It appears from the pleadings that the adverse claim is founded upon a sale of the lands in question to the state, in pursuance of certain tax judgments rendered against them as therein stated. One of the issues presented and tried below was upon the alleged ownership in fee by plaintiffs of the lands in controversy, a portion of which lie in section 3, and a portion in section 4, township 38, range 26. In proving this issue on their part, the plaintiffs first introduced in evidence a certificate of the register of the United States land-office at Taylor's Falls, purporting to contain a true and correct abstract from the records and books of said

office in respect to such lands, which shows that all the said lands in section 3 were entered and paid for by one William L. Larned, on the first day of August, 1855; that the S. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of said section 4 was also entered and paid for on the fifteenth of August, 1855, by one Francis J. Remington, and that the patents for all these were issued in February, 1857. It also appears from such abstract that one Caleb Woodbury located military land-warrants upon the remaining tracts described in section 4, on the fifteenth of August, 1855. In addition to the certified abstract, the register, in his certificate, states substantially that all the said lands were, in fact, entered and located as indicated by the abstract; and, further, that no patents upon the Woodbury locations have been received at the office, although, as he says, "they have been duly issued, else the locations would have been cancelled long since."

As to all the facts stated and contained in this certified abstract, taken from the land-office records or books, the certificate was competent evidence, under Gen. St. *c.* 73, § 86. *Washburn* v. *Mendenhall*, 21 Minn. 332. The statement of the register that patents had been duly issued upon the Woodbury locations, was clearly, but the expression of a belief of that officer, founded upon the fact that the locations had never been ordered cancelled at his office, though a long time had elapsed since they were made. It was wholly unauthorized by the statute, and inadmissible as evidence for any purpose. Its reception, however, furnishes no ground for a new trial, for it worked no harm to the defendants. The facts properly covered by the certificate, and nowhere sought to be controverted by the defendants, *prima facie* and sufficiently showed a transfer of title from the government, without any proof as to the issuance of the patents. Under our laws, the fact of an entry or location of government land by a military land-warrant is alone sufficient to pass a *prima-facie* title thereto, to the party making such entry or location. Gen. St. *c.* 73, § 84. And the existence of these facts was

shown presumptively, as to the lands in question, by the certificate of the register in this case.

In respect to the Larned deed—Exhibit B—no certificate of acknowledgment was essential to its validity as an operative conveyance to pass the legal title to the lands therein described. Plaintiffs in this case were not required to show a good record title. The defective certificate of acknowledgment complained of was, therefore, not good ground for excluding the deed as evidence. That the deed was executed on the part of the grantors by an attorney in fact, was sufficiently indicated from their signatures and that of their attorney, and the manner of their subscription to the instrument, without any recital of the fact in the deed itself.

The omission of the notarial seal to the certificate of acknowledgment to the deed,—Exhibit D, 2,—is covered and cured by Laws 1870, *c.* 55, (Gen. St. 1878, *c.* 123, §§ 15, 16.)

The use of a seal by a probate court in entering of record its orders and decrees is not essential to their validity. Neither the jurisdiction of that court nor its exercise is dependent upon any such condition. The point made by defendants upon this subject is without merit.

The decree of distribution in terms assigns to the plaintiff Clara G. West the real property in question, "to have and to hold the same, according to the provisions of said last will and testament, unto her, her heirs and assigns, forever." The estate thus assigned was one in fee, and not a life estate or a simple mortgage interest.

The objections which we have thus briefly considered being disposed of, it is clear, upon the evidence, that the plaintiffs established a good *prima-facie* title in fee to all the tracts of land described in their complaint as situated in said section 3, and also to the S. E. ¼ of the N. E. ¼ of section 4, aforesaid; and as to these lands the right to contest the adverse claim of the defendants thereto in this action is undoubted, whatever may be the fact in reference to the rest of the lands

in said section 4—a question which will be fully considered
and determined hereafter.

The tax judgments upon which the claim of the defendants
rest, though rendered under different statutes, are substantially alike in form, and present upon their face the same
radical defects. If one is invalid and void because of any
indefiniteness or uncertainty, the other is equally so, and for
like reasons. That entered under Laws 1874, *c.* 1, bears
date August 13, 1874, and purports to have been rendered
"in proceedings to enforce payment of the taxes on real
estate remaining delinquent on the first day of June," without specifying any year. It is in terms as follows: "It is
adjudged and decreed that each piece or parcel of land hereinafter described is liable for taxes, interest, penalties and
costs, to the amount set opposite the same, as follows, to wit:

| Name of Owner. | Subdivision of section, lot or block. | Sec. or lot. | Township or block. Range. | No. of acres. | Year's taxes due. | Amount of taxes and penalties. | Penalties and interest before judgment. | Clerk's fees & advertising. | Total amount of judgment. |
|---|---|---|---|---|---|---|---|---|---|
| Ira M. Gorton ... | N. W.⁴ S. E.⁴ & S. W.⁴......... | 3 | 38 26 | 200 | 1873 | 9 50 | –48 | –50 | 10 48 |
| Todd, Gorton & Co. ............ | S. E.⁴ & E.² S. W.⁴ | 4 | " " | 240 | " | 5 68 | –28 | –50 | 6 46 |

"And the amount of taxes, interest, penalties and costs to
which, as hereinbefore stated, each of said pieces or parcels
of land is liable, is hereby declared a lien upon such piece,
* * * and it is adjudged that unless the amount to which
each of said pieces or parcels is liable be paid, each of said
pieces or parcels be sold, as provided by law, to satisfy such
amount to which it is liable."

There is nothing upon the face of this judgment to indicate

with reasonable certainty what the figures in the last four columns were intended to represent, and it contains no reference by means of which the omission can be supplied. It may be conceded, perhaps, as a reasonable intendment, that money was meant, as the purpose of the judgment was to enforce payment of taxes, which are payable alone in money. Still, it remains a matter of conjecture whether, of the ordinary denominations in use, the figures stand for dollars or cents. In the columns headed "Amount of taxes and penalties," and "Total amount of judgment," there is no line or decimal mark separating the two right-hand figures in the columns from the rest, as is usually the case, to distinguish cents from dollars, and by no legal intendment can any such effect be given to the greater intervening space found between them. The inference as to the purpose and object of this space, if any, is purely one of fact, and not a presumption of law. The assessed valuation of the land, in respect to which the amount of taxes and penalties represented by these figures is adjudged a lien, does not appear upon the face of the record. The number of acres is given, and this is the only element affecting the value which the court can have upon which to determine whether the numerals probably represent cents or dollars, and this is wholly insufficient. If the 240 acres comprised a poor tract of land, both unimproved and remote from settlement, it might reasonably be inferred that the amount of the tax standing against it was $5.68, whereas, if it was very valuable, by reason of improvements, location and other causes, $568 would be regarded as more likely to be the correct sum. How the facts were in this case, the court can have no judicial knowledge. Upon principle, the court is of the opinion that a judgment thus defective, whether rendered in a tax proceeding or in an ordinary action, is too vague and indefinite to be upheld and enforced as a valid judgment. Every final determination of a court ought to possess that degree of certainty as to the thing adjudicated as to admit of no reasonable doubt as to its

meaning, upon which persons of ordinary intelligence or courts can differ. Its meaning should rest upon no inferences to be deduced from facts, either apparent or *aliunde* the record, such as might lead minds differently constituted to opposite or different conclusions; and such is the doctrine of the state courts in Illinois and California, (*Lawrence* v. *Fast,* 20 Ill. 338; *Lane* v. *Bommelmann,* 21 Ill. 143; *Eppinger* v. *Kirby,* 23 Ill. 521; *Dukes* v. *Rowley,* 24 Ill. 210; *Cook* v. *Norton,* 43 Ill. 391; *Braly* v. *Seaman,* 30 Cal. 610; *People* v. *San Francisco Savings Union,* 31 Cal. 132; *Randolph* v. *Metcalf,* 6 Cold. (Tenn.) 400,) although the soundness of the doctrine has, as we are aware, been questioned and criticised, not only by Mr. Justice Breese, in his dissenting opinion in *Lawrence* v. *Fast,* but by the courts of Nevada and New Hampshire, (see *State* v. *Eureka Consolidated Mining Co.,* 8 Nev. 15, and *Cahoon* v. *Coe,* 52 N. H. 518,) on the ground that the true meaning of the numerals in the connection used is so plain and explicit as to leave no just reason for a difference of opinion or of construction; a position which is sufficiently refuted, as it seems to us, by the fact that learned courts and judges have so differed, and still continue to differ.

The conclusion which we have thus reached renders it unnecessary to consider the question as to the legal effect of a tax judgment when sought to be used or attacked in a collateral proceeding, for in this case no judgments whatever have been rendered, the pretended judgments being absolutely void upon their face. Neither is it necessary to decide any other question presented or discussed at the hearing of the appeal, although we cannot forbear the comment that the description of the property, as contained in the judgment in this case, is one that ought not to be followed by any one at all careful of avoiding ambiguity or uncertainty.

It is contended by defendants that it was within the power of the court that rendered these judgments, upon proper application, to have amended them in respect to the defects

which we have considered. This may be so, but sales already had under them could not be affected by such amendments. They must rest upon the judgments as they then stood, and if unauthorized and void then, no subsequent amendments could give them validity.

The only remaining question important to be considered relates to the effect of the deed from Woodbury to "Todd, Gorton & Co.," and the finding of the court upon the evidence as to the title of the plaintiffs to the property covered by that deed. It is conceded that the grantee named in that deed was a partnership. As the legal title to real property can only be held by a person, or a corporate entity which is deemed such in law, it follows that the conveyance in question vested no legal title or estate in the grantee therein named, because a partnership as such is not recognized in law as a person. Parsons on Partnership, 366; *Morrison* v. *Mendenhall,* 18 Minn. 232. The legal title to the property embraced in that conveyance still remains in the grantor, though held undoubtedly under a trust for the sole use and benefit of the firm. While this may be such an equitable estate or interest as would give to the members of the partnership a right to maintain an action under the statute to determine an adverse claim, it is not such a title as the plaintiffs have relied upon in their complaint. Besides, we are unable to discover a scintilla of evidence tending to show that the plaintiffs, or Ira M. Gorton, were ever members of the firm of "Todd, Gorton & Co." For these reasons the finding and judgment of the court as to the lands embraced in this deed are manifestly erroneous, and the judgment should be modified accordingly.

It is therefore ordered that the judgment of the court below be so modified.