IGNATIUS GUTZWILLER *vs.* JANE S. CROWE.

May 5, 1884.

**Tax Judgment.**—The following part of a tax judgment sufficiently designates the amount of the judgment as seven dollars and fifty-seven cents:

| Amount of taxes. | | Penalties and interest before judgment. | | Clerk's fees and advertising. | | Total amount of judgment. | |
|---|---|---|---|---|---|---|---|
| 6 | 87 | | 40 | | 30 | 7 | 57 |

Action, brought in the district court for Wright county, to determine defendant's adverse claims to certain vacant land in that county.

Plaintiff's claim of title was founded on a tax judgment and sale in 1876 for the taxes of 1875.

The action was tried by *Koon,* J., who held the judgment and sale valid and ordered judgment for plaintiff, which was entered, and the defendant appealed.

*J. Guilford,* for appellant.

*Daniel Fish,* for respondent.

BERRY, J.[1]   That part of the tax judgment objected to in this case is as follows:

| Amount of taxes | | Penalties and interest before judgment. | | Clerk's fees and advertising. | | Total amount of judgment. | |
|---|---|---|---|---|---|---|---|
| 6 | 87 | | 40 | | 30 | 7 | 57 |

The objection is that the judgment is indefinite, because there is nothing to show whether its amount is any sum of money, or (if any) what sum.   We are all of opinion that the amount is sufficiently

[1] Dickinson, J., because of illness, took no part in this decision.

stated as seven dollars and fifty-seven cents. As held by this court in *Tidd* v. *Rines, infra,* the figures 7 | 57, under the heading, "Total amount of judgment," in "reasonable intendment," denote money. And separated as they are by the short, perpendicular line, they do not mean seven hundred and fifty-seven dollars, or seven hundred and fifty-seven mills, for that is not a way, either usual or unusual, of designating either of those sums. It would appear to follow that they cannot well mean anything else than seven dollars and fifty-seven cents. We are all of opinion that in common understanding this is their meaning. The short, perpendicular line which separates them is a decimal line commonly used to mark the separation of dollars and cents.

These views are not inconsistent with the opinion of this court in *Tidd* v. *Rines,* 26 Minn. 201. On the contrary, one of the grounds upon which the figures by which it was attempted to express the amount of the judgment in that case were held to be insufficient was that there was "no line or decimal mark separating the two right-hand figures in the columns from the rest, as is usually the case." We do not think it either necessary or wise to go further than that case goes.

Judgment affirmed.