NATHANIEL T. COLLINS *vs.* MARY J. WELCH and Husband.

December 23, 1887.

Taxes—Certainty Required in Published Delinquent List.—The same strictness as to definiteness and certainty is not required in the statement of the amount of tax against a tract of land in the published list (which is merely notice to the land-owner) as is required in the judgment, which is the final determination of the law as to the amount to be enforced against the land.

Same—Statement of Amount of Taxes.—In the published list at the head of the column denoting the amounts of taxes due there was a dollar-mark, and throughout this and each succeeding column denoting the amounts of such taxes the two last figures of each item or amount were separated

from the others by a broad space, but there was no decimal-mark or perpendicular line between them and those which preceded. *Held* as sufficiently indicating that the two last figures in each item meant cents, and those preceding them dollars.

Plaintiff brought this action in the district court for Ramsey county, to determine defendants' adverse claims to a certain piece of land. The defendant Mary J. Welch alleged title under a tax sale made on December 18, 1874, for the taxes of 1873. The action was tried by *Brill,* J., who ordered judgment for defendants. The plaintiff appeals from an order refusing a new trial.

*McMillan & Beals,* for appellant, cited Laws 1874, *c.* 1, §§ 110–113; *Eastman* v. *Linn,* 26 Minn. 215; *Tidd* v. *Rines,* Id. 201, 209; *Stewart* v. *Colter,* 31 Minn. 385, 389.

*J. F. Fitzpatrick,* for respondents.

MITCHELL, J. This was an action to determine an adverse claim made by defendant to certain real estate under a tax judgment rendered pursuant to Laws 1874, *c.* 1. The only question presented is the validity of the judgment. The only objection made to it is an alleged error as to the amount of the tax in the published list. It has been repeatedly held by this court that, under the law of 1878, such a mistake in the delinquent list, either as filed or as published, is not jurisdictional. Plaintiff, however, claims that the rule was otherwise under the statute of 1874. This depends upon the grammatical construction to be given to section 113 of that act, a question which we do not find it necessary to consider or determine in this case.

The filed list shows that the amount of tax against the land was $1.15, and the judgment against it is for $1.15. The evidence shows that in the published list, at the head of said list, immediately following the notice, there appeared at the right-hand column of figures:

> "Amount of Taxes
> "Delinquent for 1873.
> "$"

The amounts followed thereafter in columns in regular order, with the words "Delinquent for 1873," at the head of each succeeding column, and the last two figures of each amount in each column be-

ing separated from the others by a broad space. The word "Amt."
appeared on every column, but the dollar-mark found at the head of
the first column was not repeated in the succeeding columns; nor
was there any dot or line between the figures in any of the columns
in the list, but, as before stated, there was this space separating the
two last figures on the right hand from the remaining figures of each
amount in all the columns.

We remark at the outset that we are of opinion that the dollar-
mark found at the head of the first column must be understood as ap-
plying to all the succeeding columns. In *Tidd* v. *Rines,* 26 Minn.
201, (2 N. W. Rep. 497,) where the question involved was the valid-
ity of the *judgment,* and where the figures denoting the amount were
the same as here, *except that there was no dollar-mark at the head of the
column,* we held that the judgment was too vague and indefinite as to
amount to be upheld or enforced as a valid judgment; that, in the
absence of any line or decimal-mark to distinguish the dollars from
the cents, by no legal intendment could any such effect be given to
the greater intervening space between them; that the inference as to
the purpose and object of that space was one of fact, and not of law,
and that the final judgment of a court—the sentence of the law—
must possess that degree of certainty as to the thing adjudged as to
admit of no reasonable doubt as to its meaning, and not rest upon
any inferences to be deduced from facts, either apparent or *aliunde*
the record. While we are not disposed to modify that decision, or to
doubt its correctness, yet it has always been considered as going to
the limit of proper technical strictness, beyond which, as was said in
*Gutzwiller* v. *Crowe,* 32 Minn. 70, (19 N. W. Rep. 344,) we do not
think it necessary or wise to go. Hence, in the case last cited, we
sustained the judgment in the absence of any dollar or cent mark be-
cause the two right-hand figures were separated from the others by a
short perpendicular line. In the present case we are asked, not only
to go a step further than in *Tidd* v. *Rines,* but also to apply the same
strictness to the published list as to the judgment itself. We say one
step further, because we think that the presence of the dollar-mark
(not in, in the case of *Tidd* v. *Rines*) at the head of the column, and
exactly over the figures which would represent dollars if the other

two figures separated by the wide space represent cents, is important, as indicating what the figures represented.  But we do not think that the same strictness should be required in the published list as in the judgment.  The utmost certainty and precision is always required in a judgment, which is the final determination of the court as to the amount to be enforced.  It was on this ground that the decision in *Tidd* v. *Rines* was put.  But the publication of the delinquent list is simply notice to the delinquent land-owner.  It possesses no such finality as to the amount of tax; for, if the amount of tax claimed either in it or the filed list is incorrect, the land-owner has a right to appear and defend.  This distinction between the strictness required in the judgment and that required in the proceedings before judgment has always been recognized, even by those courts which have held most strictly in regard to the judgment.  See *Eppinger* v. *Kirby,* 23 Ill. 521, (76 Am. Dec. 709;) *Chickering* v. *Faile,* 38 Ill. 342; *Elston* v. *Kennicott,* 46 Ill. 187.

The law is inflexible that the judgment must *in terms* find the sum due without the aid of any inferences to be deduced from facts; while in determining the sufficiency of a notice the question is, how would people understand it?  We cannot have any doubt but that every man of ordinary intelligence would not only naturally, but necessarily, understand this list as stating the amount of tax against this land to be $1.15.  If so, it fully performed its office, and was sufficient.

Order affirmed.

A motion for a reargument of this case was denied January 27, 1888.