CHARLES P. CHOUTEAU and another *vs.* GEORGE M. HUNT.

July 22, 1890.

Taxes—Law of 1874—Published Delinquent List—Amount in Numerals.—In a list of taxes delinquent for the year 1873, published, as required by Laws 1874, *c.* 1, § 112, in the column of said list headed "Amt.," and opposite a description of the town lot herein involved, appeared figures, thus, "7 03." *Held*, that these figures clearly indicated the amount of tax claimed against said lot as $7.03.

Same—Affidavit to List.—The affidavit of the county auditor, which must be returned with the delinquent list to the clerk of the court, as provided by Laws 1874, *c.* 1, § 110, is no part of the list, and need not be published with it.

**Same—Notice to Owners, etc.**—It is immaterial whether the notice prescribed in section 111 of said chapter 1 precedes or follows the list proper, if it be attached to it when published.

**Same—Premature Entry of Judgment.**—The list in this case was published on the 1st, 8th, and 15th days of August, and the judgment was entered, for want of answer, on September 1st, before the expiration of 20 days from the last publication. *Held* that, while an irregular entry of judgment, and liable to be set aside upon proper and seasonable application, the judgment was not void nor vulnerable to collateral attack.

**Same — Description of Land in Judgment.**—Under the proper heading in the judgment, the premises in dispute were described as in the Second ward, town of St. Anthony. It appeared from the complaint and from the deeds under which plaintiffs claimed that the premises were in a platted tract of land known and named in the recorded plat as the "Town of St. Anthony." Held that the general description was sufficient.

**Same — Description Held Definite.**— The particular description of the premises, as found in columns on the right of that containing the general description in columns headed "Sec. or Lot" and "Township or Block," *held* sufficiently definite and certain in the judgment.

**Same—Tax Title Sustained.**—Other objections to the tax proceedings under which respondent claims title, considered and disposed of.

Action brought in the district court for Hennepin county, to determine defendant's adverse claim of title, under tax sales and certificates, to "lot 1, in block 3, in the town of St. Anthony, according to the plat thereof on file and of record in the office of the register of deeds in and for said Hennepin county." The action was tried by *Hicks*, J., who ordered judgment for defendant, which was entered, and the plaintiffs appealed.

The delinquent list of 1874 was published in the "Farmers' Union," and the heading, with so much of the list as relates to the lot in dispute, is as follows:

"THE FARMERS' UNION."

"Delinquent list of Hennepin county, Minnesota, for the taxes of 1873, embracing all lands and lots in said county and state returned delinquent for the taxes of 1873, except such as have been forfeited

to the state for the taxes of prior years and have not been redeemed or sold. * * *

"Note of explanation: In the following list the letter * * * l or lt. stands for lot, b and bk. for block, and add. for addition.

* * * * * * * *

"*Second Ward, City of Minneapolis,*
"*Town of Saint Anthony.*

|  | | | | Lot. | Blk. | Amt. |
|---|---|---|---|---|---|---|
| "George M. Hunt, | - | - | - | 1 | 3 | 7 03 |
| Thos. Irwin | - | - | -· | - 2 | 3 | 11 12 |
| A. M. Reid | - | - | - | - · 3 | 3 | 6 35" |

* * * * * * * * *

The real-estate tax judgment, rendered September 1, 1874, for the taxes of 1873, after the proper title, is as follows:

"A list of taxes on real property delinquent on the first day of June, 1874, for said county of Hennepin having been duly filed in the office of the clerk of this court, and the notice and list required by law having been duly published as required by law, and no answer having been filed, it is hereby adjudged and decreed that each piece or parcel of land hereinafter described as liable for taxes, interest, penalties and costs, to the amount set opposite the same, as follows, to wit:

| Name of Owner. | Subdivision Section, Lot, or Block. | Sec. or Lot. | Township or Block. | Range. | No. Acres. | Years Taxes Due. | Amount of Taxes. | | Interest, Penalties, and Costs. | | Fees. | | Total Amount of Judgment. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Dol. | Ct. | Dol. | Ct. | Dol. | Ct. | Dol. | Ct. |
| Geo. M. Hunt. | 2nd Ward Town of St. Anthony. | 1 | 3 | | | 1873 | 7 | 93 | 1 | 55 | | 25 | 9 | 73 |

· * * * * * * * *

[Then follows the judgment, in due form.]

The county auditor's certificate of sale states that "the following described pieces or parcels of land, situate in the county of Hennepin, state of Minnesota, to wit:

| Subdivision. | Section or Lot. | Town or Block. | Range. | Date of Sale. | | | Amt. Sold for. | |
|---|---|---|---|---|---|---|---|---|
| Morrison's Addition to North Minneapolis............................ | 10 | 10 | | Dec. | 28, | 1874. | | 82 |
| | 11 | " | | " | " | " | | 80 |
| | 12 | 2 | | " | " | " | | 82 |
| | 13 | 2 | | " | " | " | | 80 |
| | 14 | " | | " | " | " | | 80 |
| | 5 | 11 | | " | " | " | | 82 |
| | 6 | " | | " | " | " | | 82 |
| | 7 | " | | " | " | " | | 80 |
| | 8 | " | | " | " | " | | 80 |
| | 9 | " | | " | " | " | | 80 |
| | 10 | " | | " | " | " | | 80 |
| | 11 | " | | " | " | " | | 80 |
| | 33 | 118 | | " | " | " | 11 | 57 |
| | 33 | " | | " | " | " | 11 | 57 |
| | 33 | " | | " | " | " | 20 | 88 |
| Town of St. Anthony.................... | 1 | 3 | | Jan. | 2, | 1875. | 10 | 51 |
| Bottineau's Addition.................... | 2 | 21 | | " | " | " | 2 | 93 |
| | 1 | 29 | | | | | 2 | 12 |
| | 5 | " | | | | | 1 | 71 |
| | 6 | " | | | | | 1 | 71 |
| | 7 | " | | | | | 1 | 33 |
| | 8 | " | | | | | | 92 |
| Bassett, Moore & Case's Addition. | 21 | 31 | | " | 11 | " | | 77 |

"Were first offered to the bidder who would pay the amount for which the same were subject to be sold for the shortest term of years in said pieces or parcels, and, no person having offered to pay such amount for a term of years, I did sell the fee of said pieces or parcels of land to Geo. M. Hunt for the sums set opposite to or following each piece or parcel of land above described, that being the highest sum bid therefor."

*Paige & Hastings*, for appellants.
*Gilfillan, Belden & Willard*, for respondent.

COLLINS, J. The respondent in this action attempted to establish his title to the lot in question, through certain tax proceedings, judgments, and sales. One of the latter, and which we shall alone consider, is the sale made in Hennepin county upon a judgment rendered September 1, 1874, for the taxes of 1873; the same judgment and sale so fully considered in *Bonham* v. *Weymouth*, 39 Minn. 92, (38 N. W. Rep. 805.) Several objections were raised upon the trial, the first being, as in the *Bonham Case*, in subdivision numbered 3, that there was nothing in the column headed "Amt." in the published list, as it appeared in the newspaper, to indicate with reasonable certainty what the figures were intended to signify. This case is clearly distinguishable from the one just referred to. There, but two figures

were found opposite the respective descriptions in the column headed "Amt.," viz., "26" and "27," and the court held that there was nothing to indicate whether, in so using these two figures, dollars, cents, or something else was meant. In this case, in the column headed "Amt." in the published list, under that heading and opposite a description of the lot herein involved, appeared figures, thus, "7 03." The wide space between the figure 7 at the left and the two figures upon the right clearly indicated that $7.03 was intended as the amount of the tax. Any one of ordinary intelligence would understand this list as stating the amount of the tax against this lot to be the sum of $7.03. If this would have been the natural conclusion with the man of ordinary mind, the object of the publication was accomplished, and the notice all that was required. *Bonham* v. *Weymouth, supra; Collins* v. *Welch*, 38 Minn. 62, (35 N. W. Rep. 566.)

Several objections were urged against the published list as not being a copy of that filed with the clerk, but neither of these objections have any merit. As published, the list clearly advised all who had occasion to examine it that it was a list of taxes remaining delinquent, upon the several parcels of land mentioned, for the year 1873. Although the words "Name of Owner" were omitted from the caption, one would have to be somewhat dull not to understand that the name opposite each description was the name of the owner as it appeared on the delinquent list. As to the objection that the verification of the auditor to the list as filed was omitted from the list as published, it is only necessary to say that; while the statute (Laws 1874, *c*. 1, § 110) required the filed list to be verified by the auditor, it provided for the publication of a copy of the *list* (sections 111, 112) only. The auditor's affidavit was no part of the list.

Finally, on this point, it is urged that the court failed to obtain jurisdiction because the notice prescribed in section 111 did not *precede* the list. It was attached to and followed the list as the same appeared in the newspaper, and there is nothing in section 111 or elsewhere which required this notice to have precedence over the list proper in the order of arrangement. The statute providing that the notice shall be *attached* to the list was complied with in this instance.

The delinquent list was published for three weeks, on the 1st, 8th, and 15th of August, and judgment entered against this property, for want of answer, on September 1st. Although 20 days after the last publication had not elapsed when judgment was entered, its validity as a judgment was not thereby affected. At most, the premature entry on September 1st was an irregularity which might render the judgment liable to be set aside, but did not make it void. The service was complete with the last publication; the court then had jurisdiction of the parties and of the subject-matter. Thereafter the court might act erroneously, and in a manner which would subject its judgments to be set aside upon seasonable and proper application, or to reversal on appeal, but not vulnerable to a collateral attack. *State* v. *Macdonald*, 24 Minn. 48; Freem. Judgm. § 126, and cases cited.

It is alleged by appellants that the description of the premises as found in the judgment was insufficient and defective. Under the proper heading, the property was averred to be in the Second ward, town of St. Anthony. From the complaint, and from the deeds upon which appellant plaintiffs rested their title, it appeared that the lot in dispute was a part of and within a platted tract of land known and named as the "Town of St. Anthony" on the recorded plat. By an application of the rules laid down in *Gilfillan* v. *Hobart*, 34 Minn. 67, (24 N. W. Rep. 342,) it will be seen that the general description was sufficient. More difficulty is met when considering the sufficiency of the particular description of this lot as found, if at all, in the judgment, where, in the column on the right of the general description, under the heading "Sec. or Lot," is found the figure "1," and, in the next column on the right, with the heading "Township or Block," appears the figure "3," while the column next on the right, headed "Range," is vacant and unfilled. But we are of the opinion that taking these figures in the columns headed as before stated, in connection with the general description,—held to be sufficiently certain in this case,— and the fact that the range was not designated, no one could be misled, or would suppose that an attempt to obtain judgment against some governmental subdivision was being made. Any person in the possession of his ordinary faculties would, upon examination of the

judgment, discover that the entry was against lot 1, in block 3, of the town of St. Anthony,—the very property described in the deeds under which plaintiffs claim. It was therefore described with sufficient definiteness and certainty.

While the certificate of sale does not recite the fact in so many words, it fairly appears from it that the lots therein described were first separately offered for sale for a term of years, as required by Laws 1874, *c.* 1, § 123.

Holding, as we do, that the respondent's title was established under the proceedings to enforce the collection of taxes for the year 1873, it is not necessary to further consider the case.

Judgment affirmed.