EDWARD J. DOHERTY v. REAL ESTATE TITLE INSURANCE &
TRUST COMPANY OF PHILADELPHIA and Others.[1]

April 4, 1902.

Nos. 12,866—(170).

Notice of Tax Sale—Description.

· The description of land in a published notice of sale for delinquent taxes is sufficient if it is calculated to enable a person of ordinary intelligence to identify it with reasonable certainty; following decisions of this court referred to in the opinion.

Same—Use of Symbols.

The rule above stated applied in the interpretation of characters claimed to be similar to abbreviations and symbols provided for in G. S. 1894, § 1627, and *held*, that certain dots or periods were not essential parts of the description in a published tax list, nor used in compliance with the statute referred to, for the reason that the entire

[1] Reported in 89 N. W. 853.

description, including the cross heading immediately preceding such characters, forbid their significance as descriptive of the property.

## Notice of Time of Redemption.

*Held*, further, that, within the facts in this case, a statement in the sixty-day redemption notice provided for in G. S. 1894, § 1654, to the effect that the sheriff's fees for the service of the notice would be returned with proof of service, did not invalidate the notice.

## Certificate—Payment of Delinquent Taxes.

The payment of taxes delinquent at the time of the issuance of the certificate of sale is essential to its validity; following Security Trust Co. v. Von Heyderstaedt, 64 Minn. 409.

Action in ejectment in the district court for Ramsey county. The case was tried before Kelly, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Samuel Whaley*, for appellant.

*W. T. McMurran* and *John F. Fitzpatrick*, for respondents.

LOVELY, J.

This action is to recover possession of lot 1, Lawton's rearrangement of block 23, in Brown & Jackson's addition to West St. Paul. It was tried to the court, who made findings of fact, and held that defendants were entitled to judgment.

Plaintiff claims under a tax sale for 1893; also under a state assignment certificate for taxes of 1895. The judgment for the taxes of 1893 was declared void upon the ground that the description in the published delinquent list was defective, as well as for the further reason that the sixty-day notice to redeem provided for in G. S. 1894, § 1654, was uncertain, in designating the time within which redemption could be made. There are no other alleged errors or defects in the sale of 1893; hence the validity of the tax judgment for that year depends upon the conclusions we are required to adopt as to the two grounds on which it was held invalid.

In order correctly to apprehend defendants' objection to the description of the property in the delinquent list as published, we insert so much of such list as seems necessary to illustrate the gist of the particular point pon which it was held insufficient by the court below.

ASSESSMENT DISTRICT NUMBER SIX, CITY OF ST. PAUL—CONTINUED

| Name of Owner and Subdivision, of Section, Lot or Block, Assessment District Number Six, City of St. Paul—Continued | Lot | Block | Total amount of delinquent taxes and penalty. Dollars Cents |
|---|---|---|---|
| Brown and Jackson's Addition to West St. Paul— | | | |
| Geo. W. Hitchcock............................... | .. | 15 | 78.98 |
| E. Langevin et al. ex. part taken for W. St. Paul R. E. & I. Syndicate Add. No. 6........................ | .. | 17 | 33.46 |
| P. Limoger, Com'g on S. line of blk. 22, 100 ft. E. of S. W. cor. of said blk. th. N. 240 ft. th. S.E'ly 50 ft. th. S. 220 ft. to S. line of blk. th. W. 50 ft. to beg. part of........ ........................ | .. | 22 | 22.31 |
| Lawton's Rearrangement of Block 23, Brown and Jackson's Addition to West St. Paul— | | | |
| Germania Land Co............................... | 1 | .. | 123.99 |
| James W. Williams.............................. | 14 | .. | 42.56 |
| Brown and Jackson's Addition to West St. Paul— | | | |
| John Jerges, W. 28¾ ft. of ................... | 1 | 25 | 36.11 |
| Max Folz, N. ½ of W. 47 ft. of E. 65 25-100 ft. of.... | 2 | 25 | 32.55 |
| Max Folz, S. ½ of W. 47 ft. of E. 65 25-100 ft. of..... | 2 | 25 | 21.75 |
| John Jerges, E. 18¾ ft. of.... . ................ | 2 | 25 | 20.99 |
| C. B. Lawton's Rearrangement of N. ½, Lots 1 and 3, Block 50, Brown and Jackson's addition to West St. Paul— | | | |
| C. A. Morgan ................................. | 1 | .. | 7 80 |
| J. W. Williams............................... | 4 | .. | 6 69 |
| Jas. M. Welch................................ | 6 | .. | 6.69 |

Defendants insist that "Lot 1, Lawton's Rearrangement," etc., is not sufficiently pointed out, because the two dots after the name of the alleged owner (Germania Land Company) and between the figure 1 and the amount of the taxes ($123.99), in this pub-, lished description, tend to mislead a person seeking information concerning delinquent taxes; that in examining this notice he would be impressed with the view that lot 1 was in block 22 (the number of the first block above the dots) in Brown & Jackson's addition to West St. Paul.

We are unable to adopt this view. A description which is calculated to inform the owner that his land is to be sold is all that is required. It has been held by this court, following the general rule, that the test of sufficiency in relation to descriptions of real estate in tax proceedings is whether a man of ordinary intelligence would identify the land described with reasonable certainty. Collins v. Welch, 38 Minn. 62, 35 N. W. 566; Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341; Sperry v. Goodwin, 44 Minn. 207, 46 N. W. 328; Godfrey v. Valentine, 45 Minn. 502, 48 N. W. 325; McQuade v. Jaffray, 47 Minn. 326, 329, 50 N. W. 233; Minneapolis Ry. T. Co. v. Minnesota Debenture Co., 81 Minn. 66, 70, 83 N. W. 485.

Under G. S. 1894, § 1627, initials, letters, abbreviations, and figures may be used to designate lots and blocks in the published notice, provided that

"Whenever the abbreviations 'do' or characters    „    or any similar abbreviations or characters shall be used in any such proceedings, they shall respectively be construed and held as meaning and being the * * * abbreviations, figure or figures, as the last preceding such 'do,'    „    or other similar characters."

It is not easy for us to apply this provision of the statute so as to give to the dots on the line with lot 1, opposite "Germania Land Co.," any significance as descriptive of· the property in question. The abbreviations and symbols specifically designated in section 1627 are made therein to have a definite significance, viz., "to that which precedes" (Hoyt v. Clark, 64 Minn. 139, 66 N. W. 262), and might, but for the heading or cross line immediately above lot 1, referring to Lawton's rearrangement, etc., be, under certain circumstances and in appropriate connection, treated as similar characters to the abbreviations referred to in the statute, but could not have that effect if inconsistent with more important elements in the description of the property; for it is fundamental that every · part of a description should be considered and given effect in construing its meaning; hence it follows that a person seeking information from a delinquent tax notice must not shut his eyes to any part of the attempt to describe the property; and it would seem that the learned trial court, in connecting the dots in the line with lot 1 and the figures under the "block" heading, 22, did not give full effect to the cross line, "Lawton's Rearrangement of Block 23," etc., immediately above and between block 22 and the two dots below, which apply to another platted block, including the property in question, clearly designated as the only lot 1 thereon. Such plat is a necessary part of the description, and must not be disregarded.   Minneapolis Ry. T. Co. v. Minnesota Debenture Co., supra, and cases cited.

Reading this cross heading in connection with what follows and the plat, it is very clear to us that there is no real obscurity in the designation of the property in dispute.   Our view is that these two dots were used as a device by the printer merely to indicate

a connection in the line between the name of the owner of the lot and its number. A reference to similar dots connecting many other descriptions in the list inserted above, where it is manifest that they were not intended for descriptive purposes, sustains this conclusion. We therefore hold that lot 1 of "Lawton's Rearrangement," etc., was sufficiently described in the delinquent notice to comply with the statute in that respect.

The objection to the notice of redemption served on plaintiff will appear in the following quotation made therefrom:

"That the time for redemption of such piece and parcel of land will expire sixty days after the service of this notice and the due filing of proof thereof *and of the sheriff's fees therefor* in the office of the county auditor of said Ramsey county, Minnesota."

The words italicized were held by the learned trial court to involve such an element of uncertainty as to the time within which the redemption should be made as rendered the notice nugatory on that ground, and the sale invalid. The redemption notice was obviously intended to comply with the terms of G. S. 1894, § 1654; and, while undoubtedly it would have been sufficient had the words objected to been omitted, yet there are very good reasons for holding that the insertion of these words was not improper. The section cited provides that the sheriff shall, within twenty days after the receipt by him of such redemption notice, serve and make a return of the same to the auditor.

"Such service shall be made in the manner prescribed for the service of a summons in a civil action in the district court. * * * For his services in serving such notice the sheriff shall be entitled to the same fees that * * * may be allowed him for the service of summons in a civil action in the district court. * * * The fees of the sheriff for serving * * * such notice shall be paid in the first instance by the person holding the tax certificate, and shall be repaid by the party offering to redeem such land before any certificate of redemption shall issue."

It reasonably appears from these quotations that a return of the fees for service of the notice should be made by the sheriff before redemption, and that in making service he could likewise pursue the ordinary course of practice usual in the service of a district court summons. It is customary in such cases for the

sheriff to indorse his fees upon the summons as a part of his return, and, if not his duty, it is at least quite proper that he should do so when returning the redemption notice. By analogy to the sheriff's ordinary conduct in such matters, this would be an orderly and proper procedure, and it might naturally be expected that the officer would adopt it in his returns on such redemption notices, as well as in returning other papers; but if he preferred (which seems improbable) to make out a statement of his fees in a separate instrument, and file it between the date of his return of service of the notice and the final day of redemption, it does not follow that such act would add to or extend the limit fixed to redeem, which is not the proof of the sheriff's fees, but proof of the service of the notice itself, which is sixty days "after the service of such notice and proof thereof has been filed." Kenaston v. Great Northern Ry. Co., 59 Minn. 35, 38, 60 N. W. 813, 814. The words objected to in the notice mean no more than that the fees will be indorsed on the return of the sheriff as is customary on the return of a summons. Under the statute, the owner of the tax title is to secure this service; and the inclusion of the statement that the fees will be returned therewith merely gives information that a proper thing to be done will be done in a certain way, and does not prescribe a controlling limitation of the time of redemption.

Defendants rely upon the case of Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736, but we see no similarity between that case and this one. In Kipp v. Johnson, the county auditor inserted a different time of redemption in the notice, before delivery to the landowner for service, than prescribed by statute. In this case the objectionable words, while unnecessary, were not contrary to the provisions of law, but appropriate to a proper execution of the duties of the sheriff, and hence ought not to nullify the service of a notice in which the proper time of redemption was specified, and due proof thereof returned.

We therefore hold, from the views above expressed, that the plaintiff held title to the lot in question under the tax sale of 1893.

With reference to the state assignment certificate for the taxes of 1895, the objection was made that the taxes for 1896 were delin-

quent when such assignment was made to the plaintiff, but were not paid, nor included therein. G. S. 1894, § 1601, provides that the assignment can only be made to a person

"Who shall pay the amount for which the same shall have been bid in, with interest, and the amount of all subsequent delinquent taxes, penalties, costs * * *"

We have not thought it necessary to consider this objection at length, since the plaintiff's judgment based upon the 1893 tax was sufficient to sustain his title; but, in view of the fact that there must be a new trial, we may say that the decision of the trial court holding that the payment of such delinquent taxes was mandatory and essential to the validity of the title was correct, under the ruling of this court in Security Trust Co. v. Von Heyderstaedt, 64 Minn. 409, 67 N. W. 219, which is followed in the case of Hoyt v. Chapin, infra.

For errors of the court as heretofore indicated, the order appealed from must be reversed, and a new trial granted.