MONS MAHLUM and Another v. H. H. THAYER.[1]

December 16, 1904.

Nos. 14,162—(206).

**Delinquent Tax List.**

A list of delinquent taxes filed by the county auditor in the office of the clerk of court consisted of one hundred sixty five pages. In making up the list, the auditor used printed forms, and, in order to make them appropriate for the purpose, certain printed headings were crossed out and written in at the head of the proper columns. The page upon which the land in question was listed was not correctly changed to indicate the appropriate abbreviations for section, township, and range.

**Description.**

In an action attacking the validity of the tax judgment upon the ground that the real estate was not properly described in the delinquent list, *held*, that the description was sufficient when taken into consideration with the other entries and headings on that and the preceding pages of the list.

Action in the district court for Crow Wing county to determine the adverse claims of defendant to certain vacant and unoccupied land. The case was tried before McClenahan, J., who found in favor of plaintiffs. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Keith, Evans, Thompson & Fairchild,* for appellant.
*Alderman & Mantor,* for respondents.

LEWIS, J.

This appeal involves the validity of the tax judgment proceedings to enforce the payment of taxes which became delinquent for 1897 and

1. Reported in 101 N. W. 653.

prior years upon the north ½ of the northwest ¼, section 32, town 138, range 28, Crow Wing county; and the defect, if any, was the failure of the county auditor to properly describe the land in the delinquent list filed with the clerk of court. The list, as prepared and filed, consisted of at least one hundred sixty five sheets or pages, and the land under consideration was described fifteenth in order on page 162, and, omitting unnecessary description, is as follows:

Township of............. ..Town .............. Range..................

| Names of owners or in whose name assessed, if unknown is so stated | Description. | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | Subdivision of Section | | | | Sec. | No. of Acres | |
| | | | | | | Acres | 100ths |
| Nelson Tenney & Co. | N. E. ¼ | S. E. ¼ | 31 | 138 | 28 | 40 | |
| " | N. W. ¼ | S. E. ¼ | " | " | " | 40 | |
| " | S. W. ¼ | S. E. ¼ | " | " | " | 40 | |
| W. D. Washburn | S. W. ¼ | N. W. ¼ | " | " | " | 40 | |
| " | N. W. ¼ | N. W. ¼ | " | " | " | 40 | |
| " | S. E. ¼ | N. W. ¼ | " | " | " | 40 | |
| " | N. E. ¼ | N. W. ¼ | " | " | " | 40 | |
| T. C. McClure | S. W. ¼ | S. W. ¼ | " | " | " | 40 | |
| " | S. E. ¼ | S. W. ¼ | " | " | " | 40 | |
| " | N. W. ¼ | S. W. ¼ | " | " | " | 40 | |
| " | N. E. ¼ | S. W. ¼ | " | " | " | 40 | |
| D. O. Goulet | N. W. ¼ | S. W. ¼ | 32 | " | " | 40 | |
| N. P. Clarke | S. W. ¼ | S. W. ¼ | " | " | " | 40 | |
| D. M. & G. Clough | N. W. ¼ | N. E. ¼ | " | " | " | 40 | |
| Sarah E. Hanson | N. ½ | N. W. ¼ | " | " | " | 80 | |

The lands entered upon pages 160 and 164 of the list were described under similar headings, but the first 159 pages of the list were entered under appropriate headings, viz.:

Township of............. ... Town .............. Range..................

| Names of owners or in whose name assessed, if unknown is so stated | Description. | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Subdivision of Section | Sec. | Town. | Sec. Rng. | No. of Acres | |
| | | | | | Acres | 100ths |

It appears that it was necessary for the auditor to change the printed forms or blanks which he used in making up the list. The words "Township of," "Town," "Range," were crossed out and inserted in appropriate columns under the heading "Description," but pages 160 to 164, inclusive, of the printed forms, were not accurately corrected. The words "Township of," "Town," "Range," were crossed out, but in the printed forms there was a failure to write in the proper designation for section, township, and range in the appropriate columns below, and to cross out the abbreviation "Sec." in the third column, and insert in place of it the word "Range," so that when the description of the north ½ of the northwest ¼ of section 32, township 138, range 28, is considered, on page 162, without reference to page 159 and the preceding pages, it is claimed to be inherently faulty.

Defendant invokes the general rule that in tax proceedings the description of real estate must be so definite that by reading it the court can determine what land the judgment is against, and, if the description is not thus definite, it is inherently and fatally defective, and cannot be helped out by intrinsic evidence; citing National Bond & Security Co. v. Board of Co. Commrs. of Hennepin Co., 91 Minn. 63, 97 N. W. 413.

> The filing of such list shall have the force and effect of filing a complaint in an action by the county against each piece or parcel of land therein described, to enforce payment of the taxes and penalties therein appearing against it, and shall be deemed the institution of such action, and the same shall operate as notice of the pendency of such action. G. S. 1894, § 1579.

Compliance with this provision is jurisdictional. County of Chisago v. St. Paul & D. R. Co., 27 Minn. 109, 6 N. W. 454; State v. Sage, 75 Minn. 452, 78 N. W. 14.

A difference has been recognized as to the strictness required in the description in a published list and in a judgment. In Tidd v. Rines, 26 Minn. 201, 2 N. W. 497, there was an omission to insert in the proper column anything to designate whether the figures constituted dollars or cents; and it was held that there was nothing upon the face of the judgment to indicate with reasonable certainty what the figures were intended to represent, and that it contained no reference by which

the omission could be supplied. In Collins v. Welch, 38 Minn. 62, 35 N. W. 566, the description in a delinquent published list was under consideration, and there the word "Amt." appeared in every column, but the dollar mark found at the head of the first column was not repeated in the succeeding columns; and the court held that the dollar mark at the head of the first column must be understood as applying to all the succeeding columns, and special attention was directed to the difference in the rule as to certainty between descriptions in a published list and in a judgment.

While the filing of the list is jurisdictional, in our judgment the same rule should apply in ascertaining the sufficiency of the descriptions of property listed as applies to the published list. A recent expression of the court upon this question is found in Doherty v. Real Estate T. Ins. & T. Co., 85 Minn. 518, 89 N. W. 853, where it is stated that the test of sufficiency in relation to descriptions of real estate in tax proceedings is whether a man of ordinary intelligence would with reasonable certainty identify the land described. By this is not meant that the landowner is required to resort to an unusual process of reasoning in order to determine whether his land is listed, but, if it fairly appears that his land is listed, although not under the technically proper headings, it is sufficient. On the other hand, if the headings are so inaccurate as to be likely to mislead him, then the description is insufficient.

Looking at the above diagram, it will be noticed right on the face of page 162 that the word "Sec." at the top of the third column is not in its proper place, because the figures "28" at the top of that column are repeated by ditto marks all the way down, and "Sec. 28" is not applicable to the various subdivisions of land described, as they could not all be in the same section. Again, the figures "31, 32, 34," in the first column, are consistent with no other designation than section, and the figures "138," at the top of the second column, cannot refer to the section. We do not say that this description in itself is sufficient, but it is not so entirely insufficient, uncertain, and misleading as to justify a man of ordinary prudence in looking no further into the list. There are one hundred sixty five pages constituting the document, and if the owner had any doubt that his lands were not described because of the failure to place proper headings in the respective columns, the discrepancy could easily be cleared up by a reference to page 159 and the

preceding pages. That such reference should be made, we think, is fairly covered by the decisions above referred to.

The case differs from Olivier v. Gurney, 43 Minn. 69, 44 N. W. 887, where there were no abbreviations to represent township and range at the head of the list, and it was held that those designations appearing in the columns below the description were insufficient. Davis v. How, 52 Minn. 157, 53 N. W. 1139, is also distinguishable.

Our conclusion is that the list filed sufficiently described the land in question, and, the law having been complied with in the subsequent proceedings in respect to the publication of the list and entry of the judgment, the judgment was valid.

Order affirmed.