GEORGE SALISBURY v. BERGIT STENMOE and Another.[1]

December 15, 1905.

Nos. 14,569—(107).

**Tax List.**

The statement of the amount of taxes and penalty as published in a tax list *held* to be sufficient.

Appeal by defendant Bergit Stenmoe from a judgment of the district court for Polk county, entered pursuant to the findings and order of Watts, J. Reversed and new trial granted.

*Ole J. Vaule* and *Wm. P. Murphy,* for appellant.

*W. E. Rowe, F. C. Massee,* and *G. A. E. Finlayson,* for respondent.

LEWIS, J.

Action to determine adverse claims to the northeast 1/4 of section 30, town 153, range 49. The only question before the court is wheth-

[1] Reported in 105 N. W. 416.

er the tax title, through which appellant claims, is valid. The title is assailed upon the ground that the amount of taxes and penalty appearing in the published delinquent list, as follows, was indefinite and insufficient:

Township of Northland.

Town 153, Range 49.

|  | Sec. | No.<br>A'r's. | Tax &<br>P'n'ltv |
|---|---|---|---|
| Johanson Ralfson, ne¼ | 30 | 160 | 21 065 |

No decimal point was used to designate dollars and cents, but the dollar mark was prefixed to the amount opposite the first description, at the head of the column, and at the head of the published list appeared a key, or explanation, of the abbreviations used, in part as follows:

> In the following list "a" represents acres, "e" east, "n" north. The spaces between figures in columns of figures represent the decimal point between dollars and cents, and all figures that follow any dollar mark, as above represented, are to be read in the same manner as though the dollar mark was there.

The test of sufficiency in relation to descriptions of real estate in tax proceedings is whether a man with ordinary intelligence would, with reasonable certainty, identify the land described. Doherty v. Real Estate Title Ins. & T. Co., 85 Minn. 518, 89 N. W. 853, where former decisions to the same effect are cited. See also Mahlum v. Thayer, 93 Minn. 471, 101 N. W. 653. In the latter case it was held that a preceding page in the tax list must be referred to, if necessary, in order to make definite a description otherwise uncertain. The same rule applies to a statement of the taxes and penalty. Even without the aid of the abbreviations and explanations at the head of the list, this is a sufficient statement of the tax and penalty to meet the test, within the case of Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341.

However, it is claimed that chapter 77, Laws 1895, described a form for the publication of delinquent tax lists which must be strictly followed. That amendment goes no further than to require that the tax lists shall be made out in blank form, substantially as there provided. No doubt it was intended as a guide, and for the sake of uniformity and definiteness ought to be followed, but its use was not absolutely re-

quired. If it had been the intention to change the rule of law above stated, such purpose could have been easily expressed by making mandatory the use of the form there prescribed. The statement in the published list was sufficient.

Judgment reversed and new trial granted.